GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. THE BANK OF PENDER; L. P. HARRELL, LIQUIDATING AGENT FOR THE BANK OF PENDER, AND JULIAN HAMILTON, ASSISTANT LIQUIDATING AGENT FOR THE BANK OF PENDER, v. GEORGE L. PADDISON.

(Filed 20 June, 1934.)

1. **Banks and Banking H a—Fraudulent misrepresentations of president inducing purchase of stock from bank held defense to statutory liability.**

In proceedings after the insolvency of a bank to enforce the statutory liability against an owner of its stock the stockholder alleged that he purchased the stock from the bank and that he relied upon and was induced to make the purchase by reason of the fraudulent misrepresentations of the president of the bank as to the bank's financial condition, that he had no means of determining the truth or falsity of the president's statements, and that he did not discover their falsity until after the bank was placed in the statutory receiver's hands. *Held,* the president of the bank had authority to make the contract for the bank for the sale of the stock, and the allegations were sufficient to constitute a defense to defendant's statutory liability, and judgment on the pleadings against defendant is erroneous.

**2. Limitation of Actions B b—Statute does not run until fraud is discovered or should have been discovered by due diligence.**

In this proceeding against defendant to enforce the statutory liability on bank stock owned by him, defendant alleged that he purchased the stock from the bank and was induced to make the purchase by the false and fraudulent misrepresentations of the bank's president. *Held,* whether the defense was barred by the statute of limitations under the facts of the case, N. C. Code, 441(9) is held for the jury, the statute beginning to run only from the discovery of the fraud or when it should have been discovered in the exercise of ordinary care.

CONNOR, J., dissents.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Cranmer, J.,* at October Term, 1933, of PENDER. Reversed.

The facts as alleged by defendant are to the effect that the defendant, George L. Paddison, is a native of North Carolina, but a citizen of Montana, and lives without the State. He visits relatives and friends at Burgaw, North Carolina, periodically. For many years prior to 1928, and from that date until the Bank of Pender closed, George L. Paddison had on deposit with the Bank of Pender, Burgaw, North Carolina, $1,534.25. On 29 December, 1928, C. C. Branch, president of the Bank of Pender, approached the defendant and stated that the bank owned fourteen (14) shares of its own stock, and asked the defendant to purchase the same, stating, in response to questions by the defendant, that the bank was making more than sufficient money to pay a twelve per cent dividend annually, that the bank was in first-class condition and the book value of the stock was more than two to one, that the bank had no bad paper, only a few slow loans amounting to a few hundred dollars which were collectible, that all loans were adequately secured or endorsed, that the value of the securities had not depreciated below the amount of the loans, that the bank owned no real estate other than the banking house, that the investments of the bank, were worth par or better, and that the bank had suffered no losses. These representations were untrue, but believing them to be true and relying upon them, the defendant purchased the fourteen (14) shares of stock, and they were transferred to him on 28 January, 1929. The defendant contended that he had no way to determine the truthfulness of these statements other than the statements made to him by the president of the bank, and relied and acted upon them. The Bank of Pender closed on 7 January, 1932. The defendant returned to North Carolina in August, 1932, and then discovered for the first time that the representations which had been made to him were false and untrue at the time they were made, and are now false and untrue. The defendant was served with sum-

mons in this action during his visit, and filed the answer set out in the record of this case.

The defendant tendered the following issues: "(1) Was the sale of fourteen shares of stock to the defendant, George L. Paddison, procured by the false and fraudulent representations of C. C. Branch, president of the Bank of Pender, acting for said bank? Answer: ........ . (2) If so, did the defendant afterwards exercise due care and diligence in discovering the fraud and repudiating the contract of purchase? Answer: ... ..." To the submission of the foregoing issues, the plaintiffs objected and moved the court for judgment on the pleadings and admissions. The court declined to submit said issues and the defendant excepted and assigned error. On motion of the plaintiffs for judgment, the court ruled that the defense set up by the defendant, alleging that he was induced to purchase said stock through the fraudulent misrepresentations of the president of the bank was not available in this action and sustained the plaintiffs' motion, and the defendant excepted and assigned error.

The judgment of the court below is as follows: "This cause coming on for hearing before his Honor, E. H. Cranmer, judge holding courts in the Eighth Judicial District, and a jury; upon the reading of the pleadings and submission of the issues, the defendant having admitted at the time of the transfer of the fourteen shares of stock by the defendant, George L. Paddison, to Hugh Overstreet, Jr., referred to in the pleadings, that Hugh Overstreet, Jr., was at said time, and at the time of the institution of this suit, a minor under the age of twenty-one years, and the court being of the opinion, and so holding as a matter of law, that such transfer of said stock did not relieve the defendant of his liability and that the defense of fraud, as pleaded by the defendant, is not available to him as a defense in this cause, and so holding as a matter of law: It is, therefore, upon motion of R. G. Johnson and Kellum & Humphrey, plaintiffs' attorneys, considered, ordered, adjudged and decreed that judgment be, and the same is, hereby rendered in favor of the plaintiffs and against the defendant in the sum of $1,400, with interest thereon at the rate of six per centum per annum from 6 January, 1932, until paid. It further appearing to the court that at the time of the institution of this suit, a warrant of attachment issued out of this court and that the sheriff of Pender County attached the lands described in the warrant of attachment of record and the deposit in the name of said defendant, as in said warrant of attachment set out, and also at which time, an attachment bond of record was executed by the plaintiffs. It is further adjudged and decreed that the attachment bond executed for and on behalf of the plaintiffs be discharged; that said lands and said deposit account be, and the same are hereby condemned to be sold by C. D. Humphrey, who is appointed a com-

missioner of this court to sell said lands, or so much thereof as may be necessary, to satisfy the judgment herein rendered, after due advertisement as provided by law, who shall credit the net proceeds arising from such sale, or such amount thereof as may be necessary, on account of the judgment herein rendered in favor of the plaintiffs to pay said judgment in full, and report all of his acts and doings to this court. It is further ordered, adjudged and decreed that all dividends arising from said deposit account shall be credited on account of said judgment, unless and until said judgment is paid in full; and that judgment is rendered against the defendant for the costs of this action, to be taxed by the clerk of this court, such costs to be paid from the proceeds from said deposit or the sale of said lands, including the costs of the sale of said lands, before crediting any amount on the judgment herein rendered."

The defendant also excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*R. G. Johnson and Kellum & Humphrey for plaintiffs.*
*Clifton L. Moore and J. O. Carr for defendant.*

CLARKSON, J. The question involved: May the defendant, alleged owner of capital stock in a defunct State bank, in an action by the Commissioner of Banks to recover of the defendant the amount of his statutory liability as such stockholder, avail himself of the defense that he was induced to purchase said stock by the false and fraudulent representations of the condition of the bank by its president? We think, under the facts and circumstances of this case, that there was sufficient competent facts alleged by defendant on the record, to be submitted to the jury on the question involved.

The defendant, as a defense, alleged and set up actionable fraud on the part of the president of the bank, in the purchase of the stock. Whatever may be the English decisions and some of the American decisions, this Court has held that actionable fraud, if shown, is a good defense. In *Chamberlain v. Trogden,* 148 N. C., 139 (140-141), speaking to the subject, citing numerous authorities, is the following: "There is some conflict of authority as to the right of a subscriber to rescind his subscription or maintain a defense to his obligation therefor on the ground of fraud, after the corporation has become insolvent and its affairs have passed into the possession and control of a receiver or the bankruptcy court, or other method of general adjustment, primarily for the benefit of creditors. The English cases and some courts in this country have held that, under conditions indicated, it is no longer open to the subscriber to maintain such a defense. These English decisions, however, are said to be based to some extent on the construction given

to certain legislation on the subject, and the weight of authority in this country seems to establish that, under exceptional circumstances, the subscriber may avail himself of the position suggested even after insolvency. . . . All of the authorities, however, are to the effect that, in order to do so, the subscriber must act with promptness and due diligence, both in ascertaining the fraud and taking steps to repudiate his obligation." The president of the bank had authority to make the alleged contract. *Warren v. Bottling Co.*, 204 N. C., 288 (290).

This whole matter is thoroughly discussed in *Hood v. Martin*, 203 N. C., 620, citing the *Chamberlain case, supra*. The period prescribed for the commencement of action, N. C. Code, 1931 (Michie), section 441, in part: "Within three years an action—(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections. . . . (9) For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The statute runs from the discovery of the fraud or when it should have been discovered in the exercise of ordinary care. In the present case, we think the facts on the record, sufficient to be submitted to the jury on the issues tendered by defendant.

The question of the transfer of the stock to Hugh Overstreet, Jr., a minor, is abandoned on this appeal by the defendant. See *In re Trust Co.*, 203 N. C., 238; *Early v. Richardson,* 280 U. S., 496, found on page 658 of 69 A. L. R., annotation, in part, on page 684. For the reasons given, the judgment of the court below is

Reversed.

CONNOR, J., dissents.

SCHENCK, J., took no part in the consideration or decision of this case.