## DAVID LLOYD WICKER v. NELLIE GRACE YOW WICKER.

(Filed 22 November, 1961.)

**Divorce and Alimony § 14;   Judgments § 30—**

In a proceeding in *habeas corpus* to determine the right of custody of the children of the marriage as between husband and wife, a finding by the court that the wife had not committed adultery with any person is not *res judicata* on the question in a subsequent action by the husband for divorce on the ground of adultery, it being required that in an action for divorce the ground for relief must be found by a jury. G.S. 50-10.

APPEAL by defendant from *Carr, J.,* (on motion) at August 1961 Criminal Term, of LEE.

Civil action for absolute divorce on ground of adultery.

Plaintiff alleged, among other things, that on or about the 15th day of February, and on various other dates, the defendant committed adultery with a specified party, and that because of these adulterous acts, he is entitled to an absolute divorce.

Defendant denied the material allegations of the complaint, and alleged, as a further answer and defense, that the issues raised in this action— specifically defendant's alleged acts of adultery— were raised, tried, and determined in defendant's favor in a previous case, which case was appealed to Supreme Court and reported in *In Re Wicker,* 253 N.C. 431, 117 S.E. 2d 13.

Whereupon, the defendant moved for a hearing on the plea in bar of *res judicata*.

Upon consideration of the stipulations of the parties and of the evidence offered, the court below was of the opinion that the order entered in the previous action is not *res judicata* to this action and therefore ordered that this action be tried upon its merits.

Defendant objects thereto and appeals to Supreme Court, and assigns error.

*Hoyle & Hoyle, Pittman, Staton & Betts for plaintiff appellee.*
*Gavin, Jackson & Williams for defendant appellant.*

PER CURIAM. The previous action, a *habeas corpus* proceeding to determine the custody of the children of the marriage involved in the instant case, was heard by the trial judge who, sitting without a jury, found as a fact, among other things, that Nellie Grace Yow Wicker had not committed adultery with any person, and entered judgment in accordance therewith.

G.S. 50-10 requires that, in a divorce action, the material facts as to the grounds for divorce must be found by a jury. *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617.

Thus, it is patent that the order entered in the *habeas corpus* proceeding based on facts found by the trial judge is not *res judicata* to this action for divorce upon the ground of adultery.

Hence, the order from which appeal is taken is

Affirmed.