LYNN STONE FULTON v. CHARLES E. VICKERY, THOMAS A. FULTON, JR., AND UNIVERSAL LIFE CHURCH, INC.

No. 8415SC575

(Filed 5 March 1985)

1. **Marriage § 2— ceremony performed by a Universal Life Church minister—validating statute**
    In an action arising from a marriage performed by a minister of the Universal Life Church, Inc., plaintiff's contention that the validating statute, G.S. 51-1.1 (1984), was inapplicable by its reference to the "Universal Life Church" rather than the "Universal Life Church, Inc." was without merit. Courts are permitted to supply obvious omissions to a statute in order to carry out legislative intent.

2. **Constitutional Law § 23.1— statutory validation of marriage by a Universal Life Church minister—prior action for fraud—no taking of property**
    G.S. 51-1.1 (1984), which validates marriages performed by ministers of the Universal Life Church, did not deprive plaintiff of property without due process of law where she had initiated a lawsuit for fraud and misrepresentation based on a marriage performed by a Universal Life Church minister prior to the time the curative statute was passed.

Fulton v. Vickery

**3. Marriage § 2— ceremony by Universal Life Church minister—no cause of action for fraud—validating statute**

Plaintiff did not have a cause of action for negligence, misrepresentation or fraud in that her marriage ceremony was performed by a Universal Life Church minister because G.S. 51-1.1 (1984) validated the marriage unless it had been invalidated by a court of competent jurisdiction. A summary judgment for defendant in plaintiff's original action to enforce a separation agreement was not an invalidation of the marriage under the terms of G.S. 51-1.1; furthermore, the findings required by G.S. 50-10 (1984) for divorce or annulment were not made.

**4. Fraud § 4— marriage by Universal Life Church minister—no knowledge of falsity of representations**

Summary judgment was properly entered on a claim for negligence and fraud arising from a marriage by a Universal Life Church minister where plaintiff produced no evidence that either defendant knew of the falsity of any representations that were made, or made them in either a negligent or culpably ignorant fashion. Defendants are not chargeable with knowledge of cases decided after the date of the marriage which hold that a marriage ceremony performed by a person ordained by the Universal Life Church are without legal effect.

**5. Limitation of Actions §§ 4.2, 8.2— marriage by Universal Life Church minister—fraud and negligence—action accrued at wedding**

Plaintiff's claim for fraud and negligence arising from a marriage performed by a Universal Life Church minister was barred by the three year statute of limitations for both claims because plaintiff's cause of action accrued at the time of the wedding since her marriage was incomplete and subject to being declared void. G.S. 1-52(5) (1983); G.S. 1-52(9) (1983).

APPEAL by plaintiff from *Russell G. Walker, Jr., Judge.* Order entered 3 April 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 18 January 1985.

*Cheshire & Parker, by Lucius M. Cheshire and D. Michael Parker, for plaintiff appellant.*

*Winston, Blue & Rooks, by J. William Blue, Jr., for defendant appellee Thomas A. Fulton, Jr.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Michael K. Curtis, for defendant appellee Universal Life Church, Inc.*

BECTON, Judge.

I

This appeal arises from a civil action filed by plaintiff, Lynn Stone Fulton, alleging that defendants had negligently and/or fraudulently induced her to enter into a void marriage with defendant Thomas Fulton. She prayed for both compensatory and punitive damages, and further prayed that a deed executed to the defendant Fulton be set aside. Defendant Vickery was never served with the Complaint and is thus not involved with this appeal. In their Answers, defendant Fulton and defendant Universal Life Church, Inc. (Church) denied the material allegations of the Complaint, pleaded the statute of limitations as an affirmative defense, pleaded N.C. Gen. Stat. Sec. 51-1.1 (1984) as a bar to plaintiff's claims, and also contended that to allow plaintiff damages from them would violate the First and Fourteenth Amendments of the United States Constitution. Both defendants moved for summary judgment, which motions were granted. Plaintiff appeals.

A defendant will prevail on a motion for summary judgment if it can demonstrate that (1) an essential element of plaintiff's claim is nonexistent; (2) through discovery plaintiff could not present enough evidence to support an essential element of the claim, or (3) plaintiff could not surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). Applying the law to the facts before us, we find that (1) G.S. Sec. 51-1.1 (1984) validated the marriage in question so that the essential element of an invalid marriage was nonexistent; (2) even if the marriage had been invalid, plaintiff could not produce sufficient evidence to support either her fraud or negligence claims; and (3) even if plaintiff could produce sufficient evidence, the applicable statutes of limitations bar her claims. We therefore affirm the trial court's entry of summary judgment.

II

Factual Background

On 7 June 1972, plaintiff Lynn Stone Fulton was married to defendant Thomas Fulton. The ceremony was performed by defendant Charles E. Vickery, an attorney and minister in the de-

fendant Universal Life Church, Inc. Vickery's credentials as minister in the Church were evidenced by a certificate he obtained by sending his name, address, and a sum of money to Church headquarters. Plaintiff and defendant Fulton lived together until 29 May 1979, at which time they entered into a separation agreement. The separation agreement recited that "the parties were married to each other on 7 June 1972 in Chapel Hill, North Carolina," and provided, *inter alia*, that the plaintiff would deed defendant Fulton her interest in their residence, and that he, in turn, would pay plaintiff the value of this interest.

In March 1980, plaintiff filed suit against defendant to enforce the separation agreement. On 2 December 1980, while this original action was pending, the North Carolina Supreme Court handed down *State v. Lynch*, 301 N.C. 479, 272 S.E. 2d 349 (1980). This opinion reversed a Court of Appeals decision and held that a marriage ceremony performed by a person ordained by the Universal Life Church was not a valid ceremony of marriage for purposes of a bigamy prosecution.

Defendant Fulton thereupon filed an Amended Answer and subsequently moved for summary judgment on the grounds that a valid marriage was a condition precedent to a binding separation agreement, and that the parties had never been lawfully married to one another as their marriage ceremony had been performed by a minister of the Universal Life Church. Summary judgment was granted by Judge James H. Pou Bailey on 10 June 1981. Plaintiff appealed from that order. On 3 July 1981, the North Carolina General Assembly passed an act which validated marriages performed by Universal Life ministers prior to that date, unless they had already been invalidated by a court of competent jurisdiction. This "curative statute" is currently codified at G.S. Sec. 51-1.1 (1984). On 14 July 1981, plaintiff withdrew her appeal from the order granting summary judgment. Plaintiff filed another action, apparently similar to the instant one, on 22 June 1981, upon which she took a voluntary dismissal without prejudice. This action was refiled as the instant case on 11 January 1983.

### III

[1] Both defendants argue that G.S. Sec. 51-1.1 (1984) validated the marriage between defendant and plaintiff, and that plaintiff is

thus precluded from bringing an action predicated upon an invalid marriage. We agree. The text of G.S. Sec. 51-1.1 (1984) follows:

Any marriages performed by ministers of the Universal Life Church prior to July 3, 1981, are validated, unless they have been invalidated by a court of competent jurisdiction, provided that all other requirements of law have been met and the marriages would have been valid if performed by an official authorized by law to perform wedding ceremonies.

Plaintiff, however, advances several arguments to rebut the contention that her marriage is validated by the statute. First, she contends that by its reference to the "Universal Life Church" rather than the "Universal Life Church, Inc.," the statute is inapplicable here. This suggestion is without merit. Courts are permitted to supply obvious omissions to a statute in order to carry out legislative intent. *Abernethy v. Bd. of Comm'rs of Pitt County*, 169 N.C. 631, 86 S.E. 577 (1915).

[2] Plaintiff next contends that to validate her marriage would deprive her of property without due process of law since, at the time the curative statute was passed, she had already instituted this lawsuit. This contention is also without merit. First, the statute does not exempt cases pending in litigation at the time of its enactment. More importantly, the statute does not deprive appellant in any way; it simply gives her the same protection of the law available to all other married women. *See In re Heath*, 292 N.C. 369, 233 S.E. 2d 889 (1977) (for proceeding to survive repeal of underlying statute authorizing proceeding or creating cause of action, there must be a saving clause in repealing act).

[3] Finally, plaintiff argues that the order which granted summary judgment in favor of defendant Fulton in plaintiff's original suit to enforce the separation agreement, is an invalidation of the marriage by a court of competent jurisdiction, and the curative statute, by its own terms, is inapplicable. We again disagree. An order granting summary judgment in an action to enforce a separation agreement cannot be deemed the equivalent of a judicial determination that the marriage was invalid. First, there is no evidence that Judge Bailey's order expressly declared that the marriage was invalid. Second, although matters determined by summary judgment are considered final determinations on the merits and thus *res judicata* in subsequent actions, *T. A. Loving*

*Co. v. Latham*, 15 N.C. App. 441, 190 S.E. 2d 248 (1972), this doctrine is only applicable when there is an identity of parties, subject matter, and of issues. *Kleibor v. Rogers*, 265 N.C. 304, 144 S.E. 2d 27 (1965). The only identity that exists between the original action and the present one is that of parties.

Finally, our General Statutes contain the exclusive means by which a divorce or annulment must be obtained. Not only was no such statutory procedure ever utilized by either party, the method by which divorce or annulment is obtained, and that by which a summary judgment is granted, are dissimilar.

N.C. Gen. Stat. Sec. 50-10 (1984) provides that, in an action for divorce or annulment, the material facts in every complaint must be found by a judge or a jury. *See Wicker v. Wicker*, 255 N.C. 723, 122 S.E. 2d 703 (1961). The trial court in the original action did not make such findings of fact. *See also* N.C. Gen. Stat. Sec. 50-4 (1984). ("What marriages may be declared void on application of either party"); *Lea v. Lea*, 104 N.C. 603, 10 S.E. 488 (1899) (action brought under current G.S. Sec. 50-4 (1984) is, procedurally speaking, an action for divorce).

If Judge Bailey's order can be said to invalidate the marriage, it does so by implication only. We know of no authority supporting the termination of a marriage by such indirect means, and we would hardly encourage the dissolution of marriages outside statutory formalities.

As the marriage between plaintiff and defendant Fulton was never invalidated, then G.S. Sec. 51-1.1 (1984) applies to validate the marriage. The net effect of the statute is to render the marriage valid from its inception, as the marriage in question was voidable, rather than void. While a voidable marriage is valid for all civil purposes until annulled by a competent tribunal, in a direct proceeding, a void marriage is a nullity and may be impeached at any time. *Geitner v. Townsend*, 67 N.C. App. 159, 312 S.E. 2d 236, *disc. rev. denied*, 310 N.C. 744, 315 S.E. 2d 702 (1984). In North Carolina, only bigamous marriages have thus far been declared absolutely void. 1 R. Lee, *North Carolina Family Law* Sec. 18 (4th ed. 1979); *Redfern v. Redfern*, 49 N.C. App. 94, 270 S.E. 2d 606 (1980). All other marriages are voidable. *See, e.g., Ivery v. Ivery*, 258 N.C. 721, 129 S.E. 2d 457 (1963) (despite statutory language, marriage involving underage party is merely

voidable, not void, and may be ratified). As the curative statute validated the marriage from its inception, and as the marriage was never terminated by divorce, annulment, or by any sort of judicial decree, the marriage between plaintiff and defendant Fulton was never invalid at any time. *A fortiori*, the plaintiff has no cause of action that she was induced to enter into an invalid marriage by negligent misrepresentation or fraud, as the essential element of an invalid marriage is missing.

## IV

[4] Even if the marriage was invalid at any time, thus arguably creating a cause of action for injuries suffered while the marriage was invalid, summary judgment was nonetheless properly entered, as plaintiff did not produce sufficient evidence to support at least one essential element of each of her claims.

The tort of negligent misrepresentation occurs when in the course of a business or other transaction in which an individual has a pecuniary interest, he or she supplies false information for the guidance of others in a business transaction, without exercising reasonable care in obtaining or communicating the information. *See Howell v. Fisher*, 49 N.C. App. 488, 272 S.E. 2d 19 (1980), *disc. rev. denied*, 302 N.C. 218, 277 S.E. 2d 69 (1981). For actionable fraud to exist, the defendant must have known the representation to be false when making it, or the defendant must have made the representation recklessly without any knowledge of its truth and as a positive assertion. *Odom v. Little Rock & I-85 Corp.*, 299 N.C. 86, 261 S.E. 2d 99 (1980) (representation must have been known to be false or made in "culpable ignorance" of its truth). This determination of truth or falsity must be made at the time of the representation. *Childress v. Nordman*, 238 N.C. 708, 78 S.E. 2d 757 (1953).

Plaintiff produced no evidence that, at the time of plaintiff's marriage to Fulton, either Vickery or Fulton knew of the falsity of any representations that were made, or made them in either a negligent or culpably ignorant fashion. The uncontroverted evidence is that Charles Vickery examined the legal requirements to perform a wedding ceremony found in the North Carolina General Statutes, *see* G.S. Sec. 51-1 (1984), and advised the couple in reliance thereon. The evidence also shows that before the ceremony the couple had blood tests and obtained a marriage license,

and afterwards conducted their lives as that of a lawfully married couple, *e.g.*, by owning real property together as tenants by the entireties, and by filing joint income tax returns. Plaintiff cites several cases for the proposition that defendants knew a marriage ceremony performed by a Universal Life Church minister was without legal effect; however, as these cases were decided *after* 7 June 1972, we fail to see how defendants could be chargeable with knowledge of them before they were rendered.

Charles Vickery's conclusion that he was an "ordained" or "authorized" minister entitled to perform marriage ceremonies under G.S. Sec. 51-1 (1984), was the conclusion reached by the trial judge and two judges of this Court in *State v. Lynch*. Their conclusion is consistent with the law in at least one state. *See Universal Life Church, Inc. v. United States of America*, 372 F. Supp. 770 (E.D. Cal. 1974) (recognizing the church as tax-exempt religious organization). Therefore, when Charles Vickery married Tom Fulton to Lynn Stone in 1972, it was not unreasonable for him to conclude that he was authorized to do so. There is no evidence that defendant Fulton had any information different from or in addition to that which was communicated to him and to the plaintiff by Vickery. Any representations by defendant Fulton or by defendant Church through its agent Charles Vickery were neither false nor made in a negligent or culpably ignorant fashion. *See Hodges v. Carter*, 239 N.C. 517, 80 S.E. 2d 144 (1954) (attorney who acts in good faith and in an honest belief that advice and acts are well-founded and in best interest of a client is not answerable for a mere error of judgment or for mistake in point of law which has not been settled by court of last resort in his or her state and on which reasonable doubt may be entertained by well-informed lawyers).

V

[5] Finally, even if the plaintiff was capable of producing sufficient evidence, her claims are barred by the applicable statutes of limitations. Each claim has a three-year statute of limitations. N.C. Gen. Stat. Sec. 1-52(9) (1983) (fraud); N.C. Gen. Stat. Sec. 1-52(5) (1983) (negligence).

In a negligence claim, the statute of limitations begins to run when the plaintiff's right to maintain an action accrues, and a cause of action accrues when the wrong is complete. *Bolick v.*

*American Barmag Corp.*, 54 N.C. App. 589, 284 S.E. 2d 188, *modified and aff'd*, 306 N.C. 364, 293 S.E. 2d 415 (1982). In a case of fraud, the statute runs from the discovery of the fraud or from when it should have been discovered by the exercise of reasonable care. *Hood ex rel. Bank v. Paddison*, 206 N.C. 631, 175 S.E. 105 (1934). Defendants submit that if plaintiff sustained any injury, it occurred or was discoverable at the time of the marriage in June 1972, and thus the Complaint, filed in January 1983, was filed long after both three-year statutes had run. Defendants argue that as the plaintiff alleges she suffered injury from entering into an invalid marriage, the wrong was "complete" when the marriage ceremony was performed. *See Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970) (cause of action accrues when wrong complete, even though injured party unaware that wrong committed).

Plaintiff argues that as to her negligent misrepresentation claim, no injury was suffered, and as to her fraud claim, the facts constituting the fraud were not discoverable, until the issuance of Judge Bailey's order, and that therefore, the statutes had not yet expired when the Complaint was filed. Not only is this argument inconsistent with plaintiff's argument that she suffered injury throughout the duration of her marriage as a consequence of its invalidity, the memorandum order relied on by plaintiff filed in *Lynch v. Universal Life Church, Inc.*, No. C-81-458-WS (M.D.N.C. 1984) was subsequently vacated. We agree with Judge Hiram Ward's reasoning in the subsequent opinion as quoted in the brief of defendant Church that as a cause of action accrues when the wrong is complete and the aggrieved party becomes entitled to maintain a cause of action, the harmful consequences of defendant's alleged negligence existed at the time of the wedding since plaintiff's marriage was incomplete and subject to being declared void.

## VI

We conclude that an invalid marriage, an essential element of both of plaintiff's claims, is nonexistent. In any event, the evidence supported neither the fraud nor negligence claims, and the applicable statute of limitations had expired. The trial court thus correctly entered summary judgment in this case.

Affirmed.

Judges JOHNSON and MARTIN concur.