WADE BROOKOVER, Employee, Plaintiff-Appellant v. BORDEN, INC., Employer, and ESSIS, Carrier, Defendants-Appellees

No. 9010IC721

(Filed 4 December 1990)

**Master and Servant § 69.3 (NCI3d) — workers' compensation — signed agreements — not set aside**

The Industrial Commission properly denied plaintiff's request to set aside a Form 26 Agreement where plaintiff suffered a back injury while working for defendants, was unable to continue at his former position, was rated as having a ten percent permanent partial disability of the back, signed a Form 26 Agreement providing for payment of permanent partial disability benefits for thirty weeks, and the Industrial Commission approved the agreement. Although plaintiff asserted that he was unrepresented by counsel at the time he signed the agreement and that defendants failed to explain to him that he had the right to elect benefits under N.C.G.S. § 97-30 or § 97-31, the evidence reveals that there was no error due to fraud, misrepresentation, undue influence, or mutual mistake and plaintiff is bound by the Commission-approved written agreement.

**Am Jur 2d, Workmen's Compensation § 465.**

APPEAL by plaintiff from an Opinion and Award of the North Carolina Industrial Commission entered 3 April 1990. Heard in the Court of Appeals 26 November 1990.

On 5 December 1986, plaintiff suffered a back injury while working for Borden, Inc. He attempted to return to work as a milk deliveryman in March of 1987, but was unable to continue at that position because of his back pain. Plaintiff was rated as having a ten percent permanent partial disability of the back. On 18 June 1987, plaintiff signed a Form 26 Agreement which provided for payment of permanent partial disability benefits for a period of 30 weeks based upon the rating of ten percent permanent partial disability to his back. This agreement was approved by the Industrial Commission on 17 July 1987. Thereafter, plaintiff, in a hearing before the Industrial Commission, sought to set aside the Form 26 Agreement and accept benefits under G.S. § 97-30. This request was denied on 18 August 1989 in an Opinion and Award

by Deputy Commissioner Tamara R. Nance. Plaintiff gave notice of appeal to the Full Commission on 25 August 1989. On 3 April 1990, the Full Commission affirmed and adopted the Opinion and Award of the Deputy Commissioner. Plaintiff appealed.

*Shelley Blum for plaintiff, appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by David H. Batten, and Kari L. Russwurm, for defendants, appellees.*

HEDRICK, Chief Judge.

The sole question presented for review is whether absent a showing of fraud, misrepresentation, undue influence or mutual mistake, an employee may set aside an agreement made pursuant to G.S. § 97-31 and receive benefits for diminution of earning ability under G.S. § 97-30. Plaintiff asserts that he was unrepresented by counsel at the time he signed the agreement and that defendants failed to explain to him that he had a right to elect benefits under G.S. § 97-30 or G.S. § 97-31. Plaintiff argues that by signing the Form 26 Agreement accepting benefits under G.S. § 97-31, he was merely acknowledging payment of benefits and he should not be held to the agreement because he was not making an "informed election of remedies."

G.S. § 97-82 provides that an employer and an injured employee may reach an agreement in regard to compensation under the Worker's Compensation Act, execute a memorandum of the agreement in the form prescribed by the Industrial Commission, and file it with the Commission for approval. The Commission acts in a judicial capacity in approving an agreement and the settlement as approved becomes an award enforceable, if necessary, by a court decree. *Pruitt v. Publishing Co.*, 289 N.C. 254, 221 S.E.2d 355 (1976).

G.S. § 97-17 provides:

Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Article. A copy of such settlement agreement shall be filed by employer with and approved by the Industrial Commission: Provided, however, that no party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters

BROOKOVER v. BORDEN, INC.

[100 N.C. App. 754 (1990)]

therein set forth, unless it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission may set aside such agreement.

In interpreting and applying the two above-mentioned sections, it has uniformly been held that an agreement for the payment of compensation, when approved by the Commission, is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed upon appeal. *Tabron v. Farms, Inc.*, 269 N.C. 393, 152 S.E.2d 533 (1967). Where an employee accepts benefits from an agreement for compensation executed by himself, his employer, and the insurance carrier, which agreement was duly approved by the Commission, the employee may attack and have such agreement set aside only for fraud, misrepresentation, undue influence, or mutual mistake. *Id.*

In the present case, plaintiff argues that even though the mistake was unilateral, he should not be precluded almost two years after the agreement was signed from electing the most beneficial remedy under the Worker's Compensation Act. This argument is unpersuasive. The evidence reveals that there has been no error due to fraud, misrepresentation, undue influence, or mutual mistake. Thus, we must hold that plaintiff is bound by the Commission-approved written agreement on Form 26 dated 18 June 1987 where defendants agreed to pay and plaintiff agreed to accept compensation based on a ten percent permanent partial disability of the back.

Affirmed.

Judges LEWIS and DUNCAN concur.