HOMER R. VERNON, EMPLOYEE, PLAINTIFF v. STEVEN L. MABE BUILDERS, EMPLOYER, NATIONWIDE INSURANCE, CARRIER, DEFENDANTS

No. 9210IC551

(Filed 15 June 1993)

1. **Master and Servant § 69.3 (NCI3d) — workers' compensation — Form 26 agreement — no misrepresentation — failure of plaintiff to show misleading statements or reliance**

    Evidence was sufficient to support the Industrial Commission's finding that a Form 26 agreement, which paid among other things benefits for plaintiff's permanent partial disability of the back for a period of 45 weeks, was not entered into by reason of misrepresentation, since plaintiff's rehabilitation nurse, who reported to defendant insurance carrier, made no inaccurate or misleading statements to plaintiff; defendant carrier was of the opinion that plaintiff could return to work and thus was entitled to benefits for permanent partial disability; plaintiff's total and permanent disability had not been established; and because plaintiff claimed not to have understood the rating system explained by his rehabilitation nurse and Nationwide's adjuster, he could not have relied on what he was told.

    **Am Jur 2d, Workers' Compensation § 513.**

2. **Master and Servant § 69.3 (NCI3d) — workers' compensation — Form 26 agreement — no material mistake**

    The Industrial Commission properly determined that plaintiff was not entitled to have a Form 26 agreement set aside pursuant to N.C.G.S. § 97-17 on the basis of mutual mistake, since it was undisputed that no mutual mistake of fact existed with regard to plaintiff's disability status; plaintiff alleged that neither party was aware of the N.C. Supreme Court decision in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, allowing election of remedies; and a party to an agreement is entitled to set the agreement aside on the ground of mutual mistake only when such mutual mistake is one of material fact, not of law.

    **Am Jur 2d, Workers' Compensation § 513.**

VERNON v. STEVEN L. MABE BUILDERS

[110 N.C. App. 552 (1993)]

**3. Master and Servant § 69.3 (NCI3d) — workers' compensation — Form 26 agreement — finding of fairness not required**

Though the Industrial Commission must determine that compromise settlements are fair and equitable and in the best interests of the parties before they are approved, there is no requirement in the Workers' Compensation Act, the Rules of the Industrial Commission, or in case law that the Commission must determine fairness before approving a Form 26 agreement.

Am Jur 2d, Workers' Compensation § 510.

Judge WYNN dissenting.

Appeal by plaintiff from Opinion and Award for the Full Commission entered 19 March 1992. Heard in the Court of Appeals 28 April 1993.

*Elliot Pishko Gelbin & Morgan, P.A., by J. Griffin Morgan, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by Thomas M. Clare, for defendant-appellees.*

GREENE, Judge.

Plaintiff appeals from a 19 March 1992 Opinion and Award For the Full Commission affirming and adopting as its own an Opinion and Award of Deputy Commissioner Morgan S. Chapman filed 21 September 1990, denying plaintiff's motion to set aside a Form 26 agreement.

The evidence before the deputy commissioner at the hearing on plaintiff's motion established that plaintiff suffered a compensable back injury on 16 October 1986, and on 13 August 1987, reached maximum medical improvement. Plaintiff's doctor, David L. Kelly, rated plaintiff as having a fifteen percent permanent disability of the back and stated that he did not think that plaintiff was going to be able to return to work. A copy of Dr. Kelly's report was sent to plaintiff's rehabilitation nurse, Edna Foster (Foster), as well as to Margaret Howell, claims adjuster for defendant Nationwide Insurance (Nationwide). At the time, nurse Foster reported to Nationwide. On 24 August 1987, plaintiff signed a document entitled "Supplemental Memorandum of Agreement As To Payment of Compensation," commonly referred to as an Industrial

Commission Form 26 agreement, which is used for the payment of, among other things, permanent partial disability benefits. The Industrial Commission approved the agreement on 4 September 1987. Pursuant to the agreement, defendants paid plaintiff benefits for permanent partial disability for a period of forty-five weeks, ending on 27 May 1988. On 7 September 1989, plaintiff moved to set aside the Form 26 agreement on the grounds of duress, undue influence, fraud, misrepresentation, or mutual mistake.

After a hearing on 21 March 1990, Deputy Commissioner Morgan S. Chapman made the following pertinent findings: Prior to plaintiff signing the Form 26 agreement, plaintiff told nurse Foster that he did not believe he could return to work. Foster responded that she thought that there was probably something plaintiff could do. Plaintiff did not understand what Foster was talking about insofar as she discussed his disability rating. Deputy Commissioner Chapman also found:

> 4. Shortly after August 28, 1987, plaintiff received a copy of a letter sent by [the insurance adjuster] to his employer which indicated the percentage of his rating and the amount of compensation to which the rating would give rise. The employer was instructed to sign the enclosed Form 26 Agreement, to have the employee sign it and then return it to [the adjuster]. [The adjuster] stated in the letter that payments would begin once the agreement had been approved by the Industrial Commission. Plaintiff's wife read both the letter and the agreement to him.

> 5. Plaintiff, who was illiterate and not knowledgeable about workers' compensation benefits, still did not understand what the rating was about, but he made no effort to learn anything more. He did not call an attorney, the insurance adjuster or the Industrial Commission before he signed the agreement. The executed agreement was subsequently submitted to the Commission along with Dr. Kelly's office note of August 13, 1987 in which the doctor not only gave plaintiff the permanent partial disability rating but also stated that he did not believe that plaintiff was going to be able to return to work. The agreement was approved, and defendants began paying compensation to plaintiff pursuant to the award.

. . . .

VERNON v. STEVEN L. MABE BUILDERS

[110 N.C. App. 552 (1993)]

7. The evidence does not demonstrate that the settlement agreement executed by the parties in this case was entered into by reason of fraud, misrepresentation, undue influence or mutual mistake. The only communication between the parties regarding the settlement occurred on the date plaintiff last saw Ms. Foster and in the letter from the insurance adjuster. Ms. Foster did not make any statements to him which were inaccurate or misleading. Furthermore, inasmuch as he did not understand what the nurse and the adjuster were talking about when the rating was discussed, he cannot claim to have relied on something they said. . . .

. . . .

9. . . . Although [the Industrial Commission employee who approved the agreement] was not aware of changes in the law effected by the Supreme Court in Whitley v. Columbia Lumber Manufacturing Company, 318 N.C. 89 (1986), it was the Industrial Commission's policy not to substitute its judgment for the parties or act as an advocate for either side as long as the information in the file supported the settlement agreement. Plaintiff was free to make an election of remedies, and the Commission would approve the resulting settlement as long as there was supporting documentation and the settlement complied with the law. (This was not a compromise settlement agreement which foreclosed plaintiff's future rights to workers' compensation benefits.)

Deputy Commissioner Chapman concluded that plaintiff is not entitled to have the Form 26 agreement set aside. The Full Commission approved and adopted as its own the Opinion and Award of Deputy Commissioner Chapman. Plaintiff appeals.

The dispositive issues are whether (I) competent evidence exists in the record to support the Industrial Commission's finding that the Form 26 agreement was not entered into by reason of misrepresentation or mutual mistake; and (II) whether the Industrial Commission's failure to make a determination that the Form 26 agreement is fair and just requires that the agreement be set aside.

I

Plaintiff argues that the Form 26 agreement should be set aside because it was entered into by reason of misrepresentation

or mutual mistake. Plaintiff also argues that the agreement was executed as a result of excusable neglect; however, we do not address the issue of excusable neglect because Deputy Commissioner Chapman made no finding in this regard and the record indicates that plaintiff did not raise the issue below. *See Guyther v. Nationwide Mut. Fire Ins. Co.,* 109 N.C. App. 506, 516 n.1, 428 S.E.2d 238, 244 n.1 (1993) (issues not raised at trial may not be raised for the first time on appeal).

We repeat initially the well established rule that facts found by the Industrial Commission must be upheld on appeal if supported by any competent evidence, even in the face of evidence to the contrary. *Peoples v. Cone Mills Corp.,* 316 N.C. 426, 432, 342 S.E.2d 798, 803 (1986). Under our Workers' Compensation Act, an employee who has suffered a compensable injury scheduled under N.C.G.S. § 97-31 may instead elect to recover compensation under N.C.G.S. § 97-29 if he has reached his maximum medical improvement and establishes that he is totally and permanently disabled. *Whitley v. Columbia Lumber Mfg. Co.,* 318 N.C. 89, 96-99, 348 S.E.2d 336, 340-41 (1986). The employee, however, cannot recover compensation for permanent disability resulting from a scheduled injury under both Section 97-31 *and* Section 97-29. *Hill v. Hanes Corp.,* 319 N.C. 167, 176, 353 S.E.2d 392, 398 (1987). In other words, once an employee recovers permanent disability benefits pursuant to Section 97-31, the employee is precluded from seeking permanent benefits for the same injury pursuant to 97-29, absent a change in his condition. *See* N.C.G.S. § 97-47 (1991) (authorizing the Commission to review any award upon motion of any party in interest on the grounds of a change in the employee's condition).

When an employer and an injured employee reach an agreement with regard to compensation, they may execute a memorandum of agreement in the form prescribed by the Industrial Commission, and any such agreement so executed must be filed with and approved by the Commission. N.C.G.S. § 97-82 (1991). In approving such agreements, the Commission acts in a judicial capacity, and, once approved, the agreement becomes an award enforceable by court decree. *Pruitt v. Knight Publishing Co.,* 289 N.C. 254, 258, 221 S.E.2d 355, 358 (1976). Settlement agreements which have been filed with and approved by the Commission may be set aside if "it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake." N.C.G.S.

§ 97-17 (1991). Such "settlement agreements" include agreements for payment of compensation executed on Industrial Commission Form 26. *See Pruitt*, 289 N.C. 254, 221 S.E.2d 355; *Brookover v. Borden, Inc.*, 100 N.C. App. 754, 398 S.E.2d 604 (1990), *disc. rev. denied*, 328 N.C. 270, 400 S.E.2d 450 (1991).

## Misrepresentation

[1] Plaintiff argues that he relied on misrepresentations made by defendant Nationwide, specifically, that plaintiff could receive benefits only for permanent partial disability based on the percentage rating to his back. Plaintiff contends that this information was false because, under *Whitley*, he was in fact entitled to benefits for permanent and total disability.

We note that the Legislature did not specify whether the "misrepresentation" referred to in Section 97-17 is false misrepresentation or negligent misrepresentation. In any event, both false misrepresentation (i.e., fraud) and negligent misrepresentation share two essential elements: (1) the supplying by the defendant of false information, and (2) reliance on the false statement by the plaintiff. *See Fulton v. Vickery*, 73 N.C. App. 382, 388, 326 S.E.2d 354, 358, *disc. rev. denied*, 313 N.C. 599, 332 S.E.2d 178 (1985); *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 595, 394 S.E.2d 643, 647 (1990), *disc. rev. denied*, 328 N.C. 89, 402 S.E.2d 824 (1991). Contrary to plaintiff's contention, the Commission found that no misrepresentation was made, specifically finding that nurse Foster made no inaccurate or misleading statements to plaintiff. The record reveals that defendant was of the opinion that plaintiff could return to work and thus was entitled to benefits for permanent partial disability. In other words, plaintiff's total and permanent disability had not been established. In addition, the Commission found that, because plaintiff claimed not to have understood the rating system explained by Foster and Nationwide's adjuster, he could not have relied on what he was told. The Commission's findings are supported by competent evidence in the record, and therefore must be sustained. Because plaintiff is unable to establish the essential elements of either fraud or negligent misrepresentation, we reject this assignment of error.

## Mutual Mistake

[2] Plaintiff argues that "the basic premise upon which plaintiff and defendants based their actions was erroneous," specifically,

that neither party was aware of the decision of the North Carolina Supreme Court in *Whitley* allowing election of remedies, and therefore the agreement should be set aside on the ground of mutual mistake.

A party to an agreement is entitled to set the agreement aside on the ground of mutual mistake only when such mutual mistake is one of material fact, not of law. *See Marriott Fin. Servs., Inc. v. Capitol Funds, Inc.,* 288 N.C. 122, 135-36, 217 S.E.2d 551, 560 (1975); John D. Calamari & Joseph M. Perillo, *The Law of Contracts* § 9-26 (3d ed. 1987); *see also Caudill v. Chatham Mfg. Co.,* 258 N.C. 99, 106-07, 128 S.E.2d 128, 133 (1962) (inviting Legislature to confer upon the Industrial Commission the equitable jurisdiction to set aside settlement agreements on the ground of mutual mistake of *fact*). It is undisputed that no mutual mistake of fact existed with regard to plaintiff's disability status: defendant, upon information supplied by nurse Foster, thought that plaintiff could return to work; plaintiff believed that he could not. Thus, any mistake on the part of either party would have been unilateral and therefore non-actionable. *See Marriott,* 288 N.C. at 136, 217 S.E.2d at 560. Accordingly, we conclude that the Commission properly determined that plaintiff was not entitled to have the Form 26 agreement set aside pursuant to Section 97-17 on the basis of mutual mistake. In so holding, we reject plaintiff's argument that *Cockrell v. Evans Lumber Co.,* 103 N.C. App. 359, 407 S.E.2d 248 (1991) requires a different result.

II

[3]  Plaintiff argues that the Industrial Commission failed to act in its judicial capacity in approving the Form 26 agreement by failing to determine that the agreement is fair and just, and that therefore the agreement should be set aside.

Plaintiff misconstrues the rules applicable to the approval of Form 26 agreements. An Agreement For Payment Of Compensation on Form 26 in proper form and conforming to the provisions of the Workers' Compensation Act will be approved by the Industrial Commission. Workers' Compensation Rules of the N.C. Indus. Comm'n, Rule 501(4) (1992). It is true that *compromise* settlement agreements must be determined to be fair and equitable and in the best interests of the parties before they will be approved by the Commission. Workers' Compensation Rules of the N.C. Indus. Comm'n, Rule 502(1) (1992); *see also Glenn v. McDonald's,*

## VERNON v. STEVEN L. MABE BUILDERS

[110 N.C. App. 552 (1993)]

109 N.C. App. 45, 48, 425 S.E.2d 727, 729-30 (1993) (it is presumed that the Commission approves a compromise settlement agreement only after a full investigation to determine whether the settlement is fair and just); *Caudill*, 258 N.C. at 106, 128 S.E.2d at 133. However, there is no requirement — either in the Workers' Compensation Act, The Rules of the Industrial Commission, or in case law — that the Commission, in approving a Form 26 agreement, determine that the agreement is fair. Because the agreement at issue is not a compromise settlement agreement, we reject this assignment of error.

The Opinion and Award For the Full Commission is

Affirmed.

Judge WELLS concurs.

Judge WYNN dissents with separate opinion.

Judge WYNN dissenting.

I disagree with the majority's determination that "there is no requirement that the Commission, in approving a Form 26 agreement, determine that the agreement is fair."

Form 26 agreements are permitted by N.C. Gen. Stat. § 97-82, which provides that an employee may reach an agreement in regard to compensation under the Worker's Compensation Act, execute a memorandum of the agreement in the form prescribed by the Industrial Commission, and file it with the Commission. N.C. Gen. Stat. § 97-82 (1992). The role of the Commission, as emphasized by former Chief Judge Hedrick in a prior opinion of this Court, is as follows: "The Commission acts in a judicial capacity in approving an agreement and the settlement as approved becomes an award enforceable, if necessary, by a court decree." *Brookover v. Borden, Inc.*, 100 N.C. App. 754, 755, 398 S.E.2d 604, 606 (1990), *disc. rev. denied*, 328 N.C. 270, 400 S.E.2d 450 (1991) (citing *Pruitt v. Knight Publishing Co.*, 289 N.C. 254, 258, 221 S.E.2d 355, 358 (1976)). Moreover, our Supreme Court, acknowledging that the Commission acts "as a court to adjudicate those claims which may not be adjusted by the parties themselves," noted that, in so acting, "[t]he Industrial Commission stands by to assure fair dealing in *any* volun-

tary settlement." *Biddix v. Rex Mills, Inc.*, 237 N.C. 660, 663, 75 S.E.2d 777, 780 (1953) (emphasis added).

Because I believe that the Commission is required to determine that a Form 26 agreement is fair, and because the Commission has not made a finding that the Form 26 agreement at issue in the instant case is fair, I would remand this case for such a determination.