***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the hearing before the Deputy Commissioner, the following were entered into evidence: *Page 2 
 a. Plaintiff's Exhibit #1, a March 25, 2004 MRI report
 b. Plaintiff's Exhibit #2, a February 22, 2004 MRI report
 c. Plaintiff's Exhibit #3, an October 2, 2004 MRI report
 d. Plaintiff's Exhibit #4, a listing of jobs to which plaintiff testified he has applied
 e. Defendants' Exhibit #1, a copy of the May 10, 2004 Mediated Settlement Agreement
 f. Defendants' Exhibit #2, a copy of the July 23, 2004 Motion to Enforce Mediated Settlement Agreement
 g. Defendants' Exhibit #3, a copy of the May 10, 2004 Agreement of Final Settlement and Agreement, and
 h. Defendants' Exhibit #4, a copy of Deputy Commissioner Adrian Phillips' December 30, 2004 Order Approving Compromise Settlement Agreement.
2. The issues before the Commission are whether the May 10, 2004 Agreement of Final Settlement and Release should be set aside pursuant to N.C. Gen. Stat. § 97-17(a), and whether defendants are entitled to an award of attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On January 3, 2003, plaintiff suffered a compensable injury when he was employed as a corrections officer with defendant-employer. *Page 3 
2. Plaintiff earned an average weekly wage of $472.20, which yields a compensation rate of $314.82 per week.
3. Plaintiff is able to read and write and has a GED.
4. During the course of this claim, plaintiff was represented initially by David Jones of Taft, Taft Haigler, Attorneys, in Greenville, North Carolina, and more recently by Nicole D. Wray of Brumbaugh, Mu King, Attorneys, in Jacksonville, North Carolina.
5. On May 10, 2004, plaintiff, represented by Ms. Wray, and defendants participated in a mediated settlement conference and reached a resolution of this claim for $6,500. Plaintiff, Ms. Wray and counsel for defendants all signed the Mediated Settlement Agreement.
6. Following the May 10, 2004 mediated settlement conference, plaintiff terminated the services of Ms. Wray and refused to sign the Agreement of Final Settlement and Release. On July 23, 2004, defendants filed a Motion to Enforce Mediated Settlement Agreement. On October 27, 2004, Deputy Commissioner Adrian Phillips conducted a hearing regarding defendants' Motion to Enforce Mediated Settlement Agreement. At the hearing, plaintiff was given the opportunity to address any issues regarding the Agreement of Final Settlement and Release.
7. On December 21, 2004, plaintiff signed the May 10, 2004 Agreement of Final Settlement and Release before a notary public. On December 30, 2004, Deputy Commissioner Phillips entered an Order approving the Compromise Settlement Agreement, after which defendants timely paid plaintiff the $6,500 settlement amount and plaintiff cashed the check.
8. On December 11, 2006, plaintiff filed a Form 33 Request for Hearing because he "was treated unfair. A lot of dishonesty was involved in the first case. I can't work have no income." *Page 4 
9. At Deputy Commissioner Rideout's hearing on July 17, 2007, plaintiff testified that he was dissatisfied with the performance of both of his previous attorneys, particularly with regard to their alleged conduct at the two mediations. Specifically, plaintiff testified that his attorney settled his claim for $5,000 before he arrived at the May 10, 2004 mediation. Plaintiff then stated that the parties reached an agreement to settle the claim for $6,500 at that mediation. Plaintiff testified that the only reason he signed the Mediated Settlement Agreement on May 10, 2004 was because "the mediation was over with" and his attorney "twisted his arm." Plaintiff further testified that he did not want his attorney to disclose to defendants that he had been involved in a motor vehicle accident after his January 3, 2003 compensable injury.
10. Plaintiff also testified that he continues to have symptoms and disability, which he contends resulted from his January 3, 2003 workers' compensation injury. He alleges that he has a financial hardship as a result of his alleged inability to work and that no one will hire him because of his back condition and prior workers' compensation claim. Plaintiff's sister, Elaine Bond, testified consistent with plaintiff's allegations regarding the May 10, 2004 mediation and plaintiff's injury and alleged resulting pain and disability. The parties stipulated that plaintiff's mother would corroborate plaintiff's hearing testimony. Additionally, plaintiff testified that his family physician, Dr. Gregory, "sold him out" by refusing to refer him to an orthopedist.
11. The Commission finds that the Compromise Settlement Agreement entered into by the parties in this case on May 10, 2004 and signed by plaintiff on December 21, 2004, was not procured by fraud, misrepresentation, undue influence, mutual mistake, or any other conduct by defendants.
12. Plaintiff brought this action seeking to set aside the Compromise Settlement Agreement based upon his continued symptoms and his inability to find employment. Plaintiff *Page 5 
has sustained financial hardship and alleges that the amount of money he was paid pursuant to the Compromise Settlement Agreement was insufficient. Plaintiff failed to prove that the Compromise Settlement Agreement was procured by fraud, misrepresentation, undue influence, or mutual mistake. However, the Commission is unable to find that plaintiff's pursuit of his claim to set aside the Compromise Settlement Agreement was based upon stubborn, unfounded litigiousness.
 *********** *Page 6 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Where an employee accepts benefits from an agreement for compensation executed by himself, his employer, and the insurance carrier, and which agreement was duly approved by the Commission, the employee may attack and have such agreement set aside only for fraud, misrepresentation, undue influence or mutual mistake. N.C. Gen. Stat. § 97-17(a); Brookover v. Borden, Inc., 100 N.C. App. 754,398 S.E. 2d 604 (1990).
2. In the present case, plaintiff has failed to show that the Compromise Settlement Agreement entered into by the parties in this case on May 10, 2004 and signed by plaintiff on December 21, 2004, was procured by fraud, misrepresentation, undue influence or mutual mistake and therefore the Compromise Settlement Agreement shall not be set aside. N.C. Gen. Stat. § 97-17.
3. Defendants are not entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's request that the May 10, 2004 Agreement of Final Settlement and Release and the December 30, 2004 Order be set aside is hereby DENIED.
2. Each side shall pay its own costs.
This 7th day of April, 2008.
 S/______________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
S/______________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1