ATLAS TABRON, EMPLOYEE, v. GOLD LEAF FARMS, INC., EMPLOYER, AND
GREAT AMERICAN INSURANCE COMPANY, INSURER.

(Filed 3 February, 1967.)

1. **Master and Servant § 82—**

   The jurisdiction of the Industrial Commission may be invoked either
   by filing a claim for compensation or by submission of a voluntary settle-
   ment for approval before a claim is filed. G.S. 97-82.

2. **Master and Servant § 91—**

   A voluntary settlement for the payment of compensation executed by
   the employer, employee, and insurance carrier, when duly approved by
   the Industrial Commission, is as binding on the parties as an award by
   the Commission in an adversary proceeding.

3. **Same;   Master and Servant § 84—**

   Where an employee has received benefits from an agreement for com-
   pensation executed by himself, his employer, and the insurance carrier,
   which agreement was duly approved by the Industrial Commission, he
   may attack and have such agreement set aside only for fraud, misrepre-
   sentation, undue influence or mutual mistake, G.S. 97-17, and he may not
   attack it on the ground that the jurisdictional facts therein alleged in
   regard to the relationship of employer and employee and that the acci-
   dent arose out of and in the course of the employment were untrue.

APPEAL by plaintiff from a judgment entered in chambers on
June 22, 1966, by *Peel, J.,* as *Presiding Judge* of the Seventh Ju-
dicial District. From NASH.

On Tuesday, January 26, 1965, about 7:30 a.m., Atlas Tabron,
plaintiff herein, while riding on a pickup truck operated by C. S.
Bunn, sustained personal injuries as the result of a collision on N.
C. Highway No. 97 between said pickup and another motor vehicle.

On said date, a policy issued by defendant Insurance Company,
covering the liability of defendant Farms, Inc., to its employees
under the North Carolina Workmen's Compensation Act, was in
effect. Farms, Inc., filed with the North Carolina Industrial Com-
mission I.C. Form 19, "Employer's Report of Accident to Em-
ployee," dated January 27, 1965, (defendants' Exhibit 1) in which
it reported said accident as arising out of and in the course of plain-
tiff's employment by Farms, Inc., and that plaintiff's average weekly
wage under his employment by Farms, Inc., was $24.00.

I.C. Form 21, "Agreement for Compensation for Disability,"
dated March 2, 1965, (defendants' Exhibit 2) was executed by
plaintiff, as employee, by Farms, Inc., as employer, and by Insur-
ance Company, as the employer's compensation carrier. The execu-
tion thereof by plaintiff was by making his mark. His name was
written by Elizabeth Tabron, his wife.

In said agreement on I.C. Form 21, plaintiff, Farms, Inc., and

defendant Insurance Company, stipulated and agreed: That all parties were subject to and bound by the provisions of the Workmen's Compensation Act; that plaintiff's said accident on January 26, 1965, arose out of and in the course of his employment by Farms, Inc.; that plaintiff received "head lacerations and 4 rib fractures" as a result of said accident; that plaintiff's actual average weekly wage at the time of said accident was $24.00; that, as of March 2, 1965, plaintiff had not returned to work; and that the employer and carrier agreed to pay compensation to the employee at the rate of $14.00 per week beginning February 2, 1965.

The agreement on I.C. Form 21 was approved by the Commission on March 16, 1965. Plaintiff received compensation payments in accordance therewith. On September 2, 1965, Insurance Company reported to the Commission (defendants' Exhibit 8) that plaintiff had returned to work on July 10, 1965; that the "total amount of Compensation paid" was $345.60; and that the "total medical paid" was $699.93.

On October 5, 1965, plaintiff, through counsel, moved that the Commission fix a date for a hearing to determine whether it had jurisdiction in respect of a claim based on injuries sustained by plaintiff as a result of said accident of January 26, 1965. Pursuant thereto, the matter was set for hearing on November 22, 1965, before J. M. Caldwell, Esq., Deputy Commissioner. At said hearing, prior to the introduction of evidence, counsel for plaintiff made a motion that the Commission "rescind or set aside the jurisdiction it originally assumed in this matter," on these grounds: (1) Relationship of employer and employee did not exist between plaintiff and Farms, Inc.; (2) plaintiff and C. S. Bunn, the driver of the pickup and also president of Farms, Inc., were neither in fact nor in law fellow employees; (3) plaintiff's injury did not arise out of and in the course of his employment by Farms, Inc.; and (4) the routine procedures pursued by the employer and the carrier did not confer jurisdiction on the Industrial Commission. No ruling was made on said motion until the hearing was concluded.

At the hearing, evidence was offered both by plaintiff and by defendants bearing upon whether the relationship of employer and employee subsisted between Farms, Inc., and plaintiff, at the time of the accident of January 26, 1965, and, if so, whether plaintiff's injuries were by accident arising out of and in the course of said employment.

The hearing commissioner, based on particular findings of fact set forth in his order, found and concluded that the parties were subject to and bound by the provisions of the Workmen's Compensation Act; that plaintiff was injured by accident arising out of and

in the course of his employment by Farms, Inc.; that the agreement on I.C. Form 21 approved by the Commission on March 16, 1965, had the status of an award of the Commission; and that plaintiff had failed to show said agreement should be set aside on account of "error due to fraud, misrepresentation, undue influence, mutual mistake, or any other sufficient reason." On these grounds, the hearing commissioner denied plaintiff's motion to "rescind or set aside the jurisdiction it originally assumed in this matter."

Plaintiff appealed to the full Commission, setting forth in his application for review that the hearing commissioner's said findings as to the employer-employee relationship, and as to plaintiff's injuries being by accident arising out of and in the course of his employment by Farms, Inc., were not supported by evidence.

The full Commission overruled plaintiff's exceptions. It adopted as its own the findings of fact and conclusions of law of the hearing commissioner and affirmed his decision. Plaintiff appealed therefrom to the superior court, bringing forward his exceptions to said findings and conclusions.

Judgment entered by Judge Peel, after reviewing the facts and proceedings narrated above, states that plaintiff did not contend before the hearing commissioner that the "Agreement for Compensation for Disability" should be set aside by reason of "error due to fraud, misrepresentation, undue influence or mutual mistake," or except to the findings and conclusions of the hearing commissioner, adopted by the full Commission, with reference thereto, and did not so contend before the full Commission or before the court.

Judge Peel's findings of fact conclude as follows: "Independently of the findings of Commissioner Caldwell and the Full Commission, this Court concludes from the full record that there is no evidence before the Commission or this Court to justify the setting aside of the Agreement and Award hereinabove referred to, because of fraud, misrepresentation, undue influence, mutual mistake or excusable neglect." The judgment proper (1) denies plaintiff's motion to set aside the "Agreement for Compensation for Disability"; (2) dismisses plaintiff's appeal, and (3) remands the cause to the Commission.

Plaintiff excepted and appealed.

*Herman L. Taylor and Mitchell & Murphy for plaintiff appellant.*

*Battle, Winslow, Merrell, Scott & Wiley for defendant appellees.*

BOBBITT, J. Plaintiff's brief states the question involved is whether the court committed "prejudicial and reversible error by

failing to find that the employer-employee relationship did not exist between appellant and appellee and that appellant's injury did not arise out of compensable employment." The judgment of Judge Peel is not based on findings of fact and conclusions of law relating to these questions. It is based on his conclusion, after consideration of the full record, there was no evidence before the full Commission or before him to justify setting aside the "Agreement for Compensation for Disability," approved by the Commission on March 16, 1965, because of fraud, misrepresentation, undue influence, mutual mistake or excusable neglect.

The jurisdiction of the Commission may be invoked either by filing a claim for compensation or by submission of a voluntary settlement for approval before a claim is filed as provided by G.S. 97-82. *Biddix v. Rex Mills*, 237 N.C. 660, 75 S.E. 2d 777. "In approving settlements the Commission acts in its judicial capacity." *Letterlough v. Atkins*, 258 N.C. 166, 128 S.E. 2d 215. As stated in *Biddix, supra* at 663, by Barnhill, J. (later C.J.): "In a judicial proceeding the determinative facts upon which the rights of the parties must be made to rest must be found from admissions made by the parties, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court, after all parties have been given full opportunity to be heard." "An agreement for the payment of compensation when approved by the Commission is as binding on the parties as an order, decision or award of the Commission unappealed from, or an order of the Commission affirmed on appeal. G.S. 97-87." *Tucker v. Lowdermilk*, 233 N.C. 185, 188, 63 S.E. 2d 109, 111; *Smith v. Red Cross*, 245 N.C. 116, 120, 95 S.E. 2d 559, 562; *Neal v. Clary*, 259 N.C. 163, 166, 130 S.E. 2d 39, 41.

Unquestionably, the matters set forth on I.C. Form 21, "Agreement for Compensation for Disability," if true, conferred jurisdiction on the Commission.

G.S. 97-17 provides: "Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this article. A copy of such settlement agreement shall be filed by employer with and approved by the Industrial Commission: *Provided, however, that no party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters therein set forth, unless it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission*

*may set aside such agreement."* (Our italics.) The proviso was added to G.S. 97-17 (by Session Laws of 1963, Chapter 436) subsequent to our decision in *Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673 (1956).

In *Neal v. Clary, supra,* a car operated by the defendant, in which the plaintiff was a passenger, was involved in a collision. The plaintiff alleged the collision and her injuries were proximately caused by the defendant's negligence. The defendant pleaded the Workmen's Compensation Act in bar of the plaintiff's action. It was admitted that both the plaintiff and the defendant were employees of a corporation having more than five regular employees; also, that I.C. Form 21, "Agreement for Compensation for Disability," signed by the plaintiff, her employer and its compensation carrier, had been approved by the Industrial Commission. A judgment dismissing the plaintiff's action for lack of jurisdiction was affirmed by this Court. With reference to the motion by the plaintiff for leave to amend her pleadings, Denny, J. (later C.J.), said: "The motion to amend filed in this Court is denied without prejudice to move before the Industrial Commission, after notice to all interested parties, to set aside the agreement contained in Form No. 21, . . . as well as the award made pursuant thereto, *on the grounds of mutual mistake, misrepresentation and fraudulent statements.* (Citation) If such agreement is set aside by the Industrial Commission *on the aforesaid grounds,* the plaintiff may, if so advised, institute a new action and allege the facts with respect to jurisdiction as they may then exist." (Our italics.)

Reference is made to *Stanley v. Brown,* 261 N.C. 243, 134 S.E. 2d 321, for a full statement of the factual situation considered therein. The injured plaintiff, his employer and the employer's compensation carrier had executed an agreement on I.C. Form 21 which the Commission had approved on June 13, 1960. Defendant Brown, a fellow-employee of the plaintiff, was not subject to common law liability if the plaintiff and Brown were acting in the course of their employment when the plaintiff was injured. On March 8, 1962, based on stipulations *then* submitted by the plaintiff, his employer and the employer's compensation carrier, a deputy commissioner, without notice to Brown, signed an order purporting to set aside the 1960 agreement. This Court held the 1962 order was void as to Brown and that the plaintiff's action for personal injuries against Brown should have been nonsuited. Rodman, J., for the Court, said: "The Commission's approval of the stipulated facts and payment was as conclusive as if made upon a determination of facts in an adversary proceeding." Moore, J., in a concurring opinion, said: "An agreement for the payment of workmen's compensation, set-

ting out jurisdictional facts and that the employee was injured by accident arising out of and in the course of his employment, when approved by the Industrial Commission is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed on appeal. (Citation) Such agreement may be set aside for fraud, misrepresentation or mutual mistake at the instance of a party or parties thereto. (Citation)"

Judge Peel found, and rightly so, there was no evidence the "Agreement for Compensation for Disability" on I.C. Form 21, approved by the Commission on March 16, 1965, was entered into and executed by plaintiff because of fraud, misrepresentation, undue influence, mutual mistake, or excusable neglect. Indeed, plaintiff's motion was not predicated on such grounds; and, as stated in Judge Peel's order, plaintiff has not contended at any stage of the proceedings that said agreement should be set aside on any of these grounds or that there was evidence sufficient to support such contention if made. Plaintiff contends the Commission should "rescind and set aside the jurisdiction it originally assumed in this matter" on the ground the matters set forth in said agreement are untrue; that the Commission did not have jurisdiction because, contrary to the stipulations in said agreement, plaintiff was not an employee of Farms, Inc., and was not injured by accident arising out of and in the course of such employment.

If the matter were before us as an original proposition, a difficult question would confront us as to whether the evidence was sufficient to support the finding that the employer-employee relationship existed between Farms, Inc., and plaintiff at the time plaintiff was injured and, if so, whether plaintiff's injury was compensable.

Questions as to the Commission's jurisdiction have been presented often when an employer and its compensation carrier are contesting a claim by asserting nonliability under the Workmen's Compensation Act, e. g., on the ground the injured person was an independent contractor and not an employee, etc. See decisions cited and discussed in *Pearson v. Flooring Co.,* 247 N.C. 434, 101 S.E. 2d 301, and in *Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280.

Here plaintiff, having received all the benefits to which he would be entitled for an injury compensable under the Workmen's Compensation Act, seeks to attack the jurisdiction of the Commission by asserting that the factual stipulations set forth in the "Agreement for Compensation for Disability" are untrue. The law will not permit him to deny the truth of the matters set forth in said agreement unless, as now provided in G.S. 97-17, there was error therein due to fraud, misrepresentation, undue influence or mutual mistake.

It is noteworthy, although not a basis of decision, that plaintiff's

motion that the Commission "rescind or set aside the jurisdiction it originally assumed in this matter" was made after the proceedings before the Industrial Commission had been pleaded as a defense in a negligence action instituted by plaintiff against C. S. Bunn in the Superior Court of Nash County.

In our opinion, Judge Peel's judgment is correct and is affirmed. Affirmed.