RALPH MULLINAX, Plaintiff v. FIELDCREST CANNON, INCORPORATED, Employer, SELF-INSURED, Carrier, Defendants

No. 8910IC1367

(Filed 4 September 1990)

1. **Master and Servant § 69.3 (NCI3d) — workers' compensation — settlement agreement — physician's report — absence of compensable asbestosis — no mutual mistake**

    The Industrial Commission erred in setting aside a Form 21 settlement agreement for defendant to compensate plaintiff for disability from asbestosis because of "mutual mistake" based on a report by the Advisory Medical Committee of the Industrial Commission that plaintiff does not have "compensable asbestosis," since the issue of whether plaintiff has compensable asbestosis was decided by the parties when they entered into the settlement agreement, and the record does not disclose that the settlement agreement was entered into because of a mistake of fact common to both plaintiff and defendant.

    **Am Jur 2d, Workmen's Compensation § 465.**

2. **Master and Servant § 99 (NCI3d) — workers' compensation — attorney fees for appeals**

    A Court of Appeals decision reinstating a settlement agreement required "the insurer to make, or to continue payments of benefits" within the meaning of N.C.G.S. § 97-88 so that plaintiff is entitled to an award of attorney fees as part of the costs of defendant employer's appeal from the Deputy Commissioner to the Full Commission and the appeal to the Court of Appeals.

    **Am Jur 2d, Workmen's Compensation § 644.**

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 2 October 1989. Heard in the Court of Appeals 22 August 1990.

On 7 April 1988, plaintiff and defendant entered into an agreement on Industrial Commission Form 21 whereby defendant agreed to compensate plaintiff for 104 weeks of disability from asbestosis resulting from plaintiff's employment with defendant. On 25 April 1988, the Industrial Commission approved the parties' settlement

MULLINAX v. FIELDCREST CANNON, INC.

[100 N.C. App. 248 (1990)]

agreement. On 11 April 1988, defendant received a copy of the Industrial Commission's Advisory Medical Committee Report indicating that plaintiff did not have compensable asbestosis within the meaning of G.S. 97-53(24). On 9 May 1988, defendant filed a motion to set aside the Form 21 Agreement, and on 14 February 1989, a hearing on defendant's motion was held before Deputy Commissioner Christine Denson.

Following the hearing, the Deputy Commissioner made detailed findings of fact, conclusions of law, and entered an order denying defendant's motion to set aside the consent agreement. On 2 October 1989, the Full Commission, in an opinion authored by Commissioner J. Harold Davis, and concurred in by Commissioner J. Randolph Ward and Chairman Wm. H. Stephenson, entered the following:

This matter is before the Full Commission on defendant's appeal from an Opinion and Award filed by Deputy Commissioner Christine Y. Denson on February 22, 1989.

The Full Commission have [sic] reviewed the record in its entirety together with the able briefs and arguments of counsel. The Full Commission is of the opinion that the decision reached by Deputy Commissioner Denson was incorrect. The issue in this case is whether a motion to set aside a Form 21 Agreement on the grounds of error due to mutual mistake, misrepresentation, or excusable neglect, per G.S. 97-17.

Based on all the competent evidence of record, the undersigned makes the following [findings of fact:]

1. On September 11, 1987, plaintiff filed a Form 18 Notice of Accident to the Employer, claiming he had contracted the occupational disease of asbestosis during his employment with Fieldcrest Cannon, Incorporated between 1971 and 1987 while employed as a pipe fitter.

2. The medical records of plaintiff from Dr. Douglas Kelling stated that the plaintiff's chest x-ray is strongly suggestive of asbestosis, along with an appropriate exposure history.

3. Defendant agreed based on Dr. Kelling's report that since the diagnosis of asbestosis automatically establishes 104 weeks of disability, the plaintiff having been exposed to asbestos

while working at Fieldcrest Cannon, that he would be entitled to 104 weeks of compensation if he had contracted asbestosis.

4. A Form 21 Agreement was prepared and sent to plaintiff's attorney on April 1, 1988.

5. On April 11, 1988, defendant received a copy of the Advisory Medical Committee report dated March 2, 1988 that indicated evidence of exposure to asbestos seems likely based on pleural and diaphragmatic plaquing with calcification. The Advisory Medical Committee found no evidence of parenchymal asbestosis by either radiograph, the presence of exertional dyspnea, the presence of crackling rales or the presence of digital clubbing. Plus, the diffusing capacity for carbon monoxide is normal on the occasions which would be strong evidence against such disease. This report was by Dr. Allen Hayes, M.D., a pulmonary specialist and member of the Advisory Medical Committee of the Industrial Commission, and also a member of the Industrial Commission Occupational Disease Panel as well as the only doctor who examines patients with claims of asbestosis. Dr. Hayes' determination was that plaintiff did not have compensable asbestosis. This conclusion was unanimously concurred by the other two physicians on the Advisory Medical Committee. Dr. Hayes explained in his deposition that there are two types of asbestosis, pleural asbestosis and parenchymal asbestosis, the difference being pleural asbestosis involves the lining of the lung and parenchymal asbestosis involves the solid substance of the lung. The compensation system compensates those people who have the disease of the lungs and not those who have the disease in the pleura.

Based upon the foregoing findings of fact, the undersigned enters the following [conclusion of law:]

The parties settled by way of Form 21 Agreement on the mistaken belief that plaintiff had compensable asbestosis. Plaintiff does not, according to the Industrial Commission Panel Physicians, whose opinion is definitive under the procedure set by the Industrial Commission. Plaintiff does not have the disease, that is the mistake of fact. Defendant tendered the Form 21 Agreement to plaintiff's attorney, believing plaintiff had asbestosis, and plaintiff executed the agreement to the effect that he had asbestosis. Plaintiff later discovered by receipt of the panel's report that he did not have asbestosis. The

agreement was therefore executed under a mutual mistake of fact and entitles defendant to have the agreement set aside.

Based upon the foregoing findings of fact and conclusion of law, the undersigned makes the following [award:]

The Opinion and Award by Deputy Commissioner Denson dated February 22, 1989 is REVERSED and the Motion to set aside the Form 21 Agreement is hereby ALLOWED.

Plaintiff appealed.

*Lore & McClearen, by R. James Lore, and Taft, Taft & Haigler, by Thomas F. Taft and Robin E. Hudson, for plaintiff, appellant.*

*Smith Helms Mulliss & Moore, by J. Donald Cowan and Jeri L. Whitfield, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] The Full Commission correctly stated, "[t]he issue in this case is whether [to allow] a motion to set aside a Form 21 Agreement on the grounds of error due to mutual mistake, misrepresentation, or excusable neglect, per G.S. 97-17." Thus, the only issue before us is whether the Full Commission erred in setting aside the Form 21 settlement agreement entered into between plaintiff and defendant, and approved by the Commission, because of the "mutual mistake" of the parties.

G.S. 97-17 in pertinent part provides:

. . . [N]o party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters therein set forth, unless it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission may set aside such agreement.

There is no evidence, contention, or finding in this record that the agreement, Industrial Commission Form 21, was obtained by "fraud, misrepresentation, or undue influence." The Commission set the agreement aside on the grounds of "mutual mistake of fact." Our courts have long held that:

. . . [A] contract may be avoided on the ground of mutual mistake of fact where the mistake is common to both parties

MULLINAX v. FIELDCREST CANNON, INC.

[100 N.C. App. 248 (1990)]

and by reason of it each has done what neither intended . . . however, in order to affect the binding force of a contract, the mistake must be of an existing or past fact which is material; it must be as to a fact which enters into and forms the basis of the contract, or in other words, it must be of the essence of the agreement, the sine qua non, or, as is sometimes said, the efficient cause of the agreement, and must be such that it animates and controls the conduct of the parties.

*Financial Services v. Capitol Funds*, 288 N.C. 122, 135-36, 217 S.E.2d 551, 560 (1975); *In re Will of Baity*, 65 N.C. App. 364, 367, 309 S.E.2d 515, 517 (1983).

Plaintiff contends that there was no "mutual mistake of fact" in entering into the settlement agreement. Defendant, on the other hand, argues the "mutual mistake" was "the erroneous belief that plaintiff had asbestosis." The Full Commission stated, "[p]laintiff does not have the disease, that is the mistake of fact." This statement, whether it be a conclusion of law or a finding of fact, is not supported by the record. Defendant may have entered into the agreement on the "mistaken belief" that plaintiff had compensable asbestosis, but that was not the motivation for plaintiff's entering into the agreement. The Commission seemed to conclude or find as a fact that plaintiff did not have compensable asbestosis because the Advisory Medical Committee of the Industrial Commission stated that "plaintiff did not have compensable asbestosis." That question, however, was never decided by the Commission because there has never been a hearing or decision with respect to whether plaintiff has compensable asbestosis. The report of the Advisory Medical Committee with respect to this issue is and could be only evidentiary.

The issue of whether plaintiff has compensable asbestosis was decided by the parties when they entered into the settlement agreement. No party will be allowed "to deny the truth of the matters" set out in the settlement agreement except where such agreement has been obtained by "fraud, misrepresentation, undue influence or mutual mistake." G.S. 97-17.

In the present case, the record simply does not disclose that the settlement agreement was entered into because of a mistake of fact common to both plaintiff and defendant. The decision of the Full Commission will be reversed and the matter remanded to the Full Commission for reinstatement of the Form 21 Agree-

MULLINAX v. FIELDCREST CANNON, INC.

[100 N.C. App. 248 (1990)]

ment entered into by the parties and approved by the Commission. Defendant should be required to pay interest on all sums which should have been paid since the parties entered into the settlement agreement. G.S. 97-86.2.

[2] Plaintiff further contends that he "should be awarded attorney's fees for the defendant's appeal under G.S. 97-88." We agree.

G.S. 97-88 provides:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as part of the bill of costs.

Our decision requires "the insurer to make, or to continue payments of benefits," and we hold plaintiff is entitled to have his attorney's fee paid by defendant as part of the costs of plaintiff's defending defendant's appeal from the Deputy Commissioner to the Full Commission and the appeal to this Court. Defendant, in our opinion, had no reasonable basis for appealing the decision of the Deputy Commissioner to the Full Commission and requiring plaintiff to appeal to this Court to obtain the benefits under the settlement agreement approved by the Commission.

With respect to this matter, we remand the case to the Industrial Commission for the entry of an order requiring defendant to pay to plaintiff's attorney, as a part of the costs, a reasonable fee for representing plaintiff in the appeal from the Deputy Commissioner to the Full Commission and thence to this Court.

Reversed and remanded.

Judges ARNOLD and GREENE concur.