LEONARD GLENN, Employee, Plaintiff v. McDONALD'S, Employer, De-
fendant; AMERICAN MOTORISTS INSURANCE COMPANY, Carrier,
Defendant

No. 9210IC66

(Filed 16 February 1993)

**Master and Servant § 88 (NCI3d) — workers' compensation —
settlement — authority of Commission to set aside**

The Industrial Commission was without power to set aside
an order approving a settlement agreement in a. Workers'
Compensation action where the record did not disclose and
the Commission did not find that the agreement was procured
by fraud, misrepresentation, mutual mistake or undue influence
as required by N.C.G.S. § 97-17. The fact that defense counsel
had attempted to revoke its consent to the agreement after
it was submitted to the Commission is immaterial.

**Am Jur 2d, Workers' Compensation § 62.**

Judge Lewis dissenting.

Appeal by plaintiff from an opinion and award by the Industrial
Commission issued 24 September 1991 by Commissioner J. Harold
Davis. Heard in the Court of Appeals 4 January 1993.

Plaintiff instituted this workers' compensation action against
defendant McDonald's Hamburger Restaurant (hereinafter
McDonald's) to recover for injuries plaintiff allegedly sustained on
22 October 1988 while stocking defendant McDonald's walk-in freezer.
Plaintiff's complaint indicated that boxes of frozen foods, which
were piled up to the ceiling in the freezer, fell on his left leg
and resulted in an injury to his knee.

Plaintiff testified that he immediately sought help from a co-
worker and notified his manager, Ms. Christine Vance, of his in-
juries. As a result of his injury, plaintiff underwent surgery to
repair torn ligaments in his knee. After subsequent treatment and
rehabilitation, plaintiff's surgeon, Dr. Estwanik, assigned a twenty
percent disability rating to plaintiff's left knee and further indicated
that plaintiff had a partial tear to the anterior cruciate ligament
in his "remote history" and that a "new episode" of recurrent
problems in the knee was most likely caused by an "injury of
a twisting nature on 10-22."

GLENN v. McDONALD'S

[109 N.C. App. 45 (1993)]

Plaintiff submitted his claim to the Industrial Commission on 18 February 1989. Thereafter, plaintiff and defendant McDonald's entered into a Compromise Settlement Agreement on 16 October 1989. Counsel for defendants submitted to the North Carolina Industrial Commission a Form 21 Agreement for Disability Benefits on 7 December 1989. The agreement was subsequently approved on 9 January 1990.

On 14 December 1989, prior to the Industrial Commission's approval but after the agreement was duly executed and submitted to the Commission, defense counsel attempted to contact the executive secretary of the Industrial Commission by telephone with regard to revocation of consent to the Compromise Settlement Agreement. On 18 December 1989, defense counsel submitted a letter to the Industrial Commission revoking defendant McDonald's consent to and requesting the return of the Compromise Settlement Agreement. The letter also indicated that the insurance carrier had obtained information which would require further investigation of plaintiff's claim and a reconsideration of defendant McDonald's admission of liability. The Commission never received this letter or the note of the telephone conversation.

On 12 January 1990, defense counsel forwarded a Motion to Set Aside Approval of the Compromise Settlement Agreement. On 7 June 1990, the Full Commission ordered that the approved agreement be set aside because neither defense counsel's letter nor the note of the telephone conversation was "matched" with the Commission file prior to the approval of the settlement agreement. The Full Commission further ordered a full hearing on the merits.

Plaintiff did not appeal the decision of the Full Commission but rather proceeded with a hearing on the issue of compensability. At the hearing, defendant McDonald's presented evidence rebutting plaintiff's contention that the injury in question occurred while plaintiff was at work. Based on the evidence presented, Deputy Commissioner Haigh, in an opinion and award dated 3 December 1990, found that plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant and therefore denied plaintiff's claim.

Plaintiff appealed Deputy Commissioner Haigh's findings to the Full Commission, and for the first time, objected to the setting aside of the settlement agreement. On 24 September 1991, the

GLENN v. McDONALD'S

[109 N.C. App. 45 (1993)]

Full Commission reviewed the record in its entirety and found no reversible error. From this opinion and award of the Full Commission, plaintiff appeals.

*Hoover & Williams, P.A., by David F. Williams, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo and Stephen D. Koehler, for defendant-appellees.*

WELLS, Judge.

The dispositive question for our review is whether absent a showing of fraud, misrepresentation, mutual mistake, or undue influence, the Full Commission may set aside a settlement agreement duly executed by the parties, properly submitted to the Industrial Commission for approval, and approved by the Chairman of the Commission in accordance with N.C. Gen. Stat. §§ 97-17 and 97-82. We find that it may not.

N.C. Gen. Stat. §§ 97-17 and 97-82 permit employers and employees to settle an employee's workers' compensation claim and authorizes the Commission to approve such settlements as long as certain requirements are met. N.C. Gen. Stat. § 97-82 provides as follows:

> If after seven days after the date of the injury, or at any time in case of death, the employer and the injured employee or his dependents reach an agreement in regard to compensation under this Article, a memorandum of the agreement in the form prescribed by the Industrial Commission, accompanied by a full and complete medical report, shall be filed with and approved by the Commission; otherwise such agreement shall be voidable by the employee or his dependents.

> If approved by the Commission, thereupon the memorandum shall for all purposes be enforceable by the court's decree as hereinafter specified.

N.C. Gen. Stat. § 97-17 states that settlement agreements may be entered into so long as "the amount of compensation and the time and manner of payment are in accordance with the provisions of this Article." If an agreement is properly executed then a "copy of such settlement agreement shall be filed by the employer with and approved by the Industrial Commission." N.C. Gen. Stat. § 97-17.

In interpreting these provisions, the North Carolina Supreme Court has held that the Commission acts in a judicial capacity in approving a settlement agreement between parties, and the settlement agreement, once approved, becomes an award enforceable by court decree. *Pruitt v. Publishing Co.*, 289 N.C. 254, 221 S.E.2d 355 (1976). The jurisdiction of the Commission to act in such capacity is invoked at the time the voluntary settlement agreement is properly submitted for approval. *Tabron v. Farms, Inc.*, 269 N.C. 393, 152 S.E.2d 533 (1967). In this case, as soon as the settlement agreement had been duly executed by the parties and properly submitted by defense counsel, the Commissioner had the immediate authority to make an award.

Having established that the Commission had the authority to approve the settlement agreement, the question becomes upon what basis may the Commission make such an award. It is presumed that the Commission approves a settlement agreement only after a full investigation to determine whether the settlement is fair and just. However, the Commission may not look to records, files or evidence not presented to it for consideration and may not base its decision on information not contained in the record before it. *Biddix v. Rex Mills*, 237 N.C. 660, 75 S.E.2d 777 (1953). Therefore, where the Commission had not received defendant McDonald's revocation of consent, failure to consider it would not be reversible error. The Commission fully reviewed the file and gave "due consideration to all matters" of record. It then determined that the "compromise settlement agreement is fair and equitable, probably in the best interest of all parties, and should be approved." We find that, based upon the record before the Commission, its approval of the settlement agreement was proper.

Once the Commission does approve a settlement agreement, it is "as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed upon appeal." *Pruitt, supra.* This approved compensation agreement will remain binding on the parties unless or until set aside by the Commission. *Id.*

Where the Commission had authority to approve the agreement and such approval was supported by the record of evidence before it, the remaining question is under what circumstances may approval of the settlement agreement be overturned. N.C. Gen. Stat. § 97-17 provides in pertinent part as follows:

GLENN v. McDONALD'S

[109 N.C. App. 45 (1993)]

[N]o party to any agreement for compensation approved by the Industrial Commission shall thereafter be heard to deny the truth of the matters therein set forth, unless it shall be made to appear to the satisfaction of the Commission that there has been error due to <u>fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission may set aside such agreement.</u>

Thus, where there is no finding that the agreement itself was obtained by fraud, misrepresentation, mutual mistake, or undue influence, the Full Commission may not set aside the agreement, once approved.

Here, the Full Commission found that the order approving the agreement should be set aside on the grounds that the Commission did not receive information regarding defense counsel's request for revocation of consent to the settlement agreement. Defense counsel's request for revocation of consent was based upon the fact that it had found new information tending to refute plaintiff's contention that he was injured in the course of his employment. The above statute, however, does not provide an exception allowing the Full Commission to set aside an agreement merely because one party to the agreement acquired new information or evidence. In other words, defendant may not now deny the truth of the matters asserted in the agreement based upon the acquisition of new information. The issue of whether plaintiff had a compensable injury was decided by the parties when the agreement was executed. *Mullinax v. Fieldcrest Cannon, Inc.*, 100 N.C. App. 248, 395 S.E.2d 160 (1990). Furthermore, defendant McDonald's had extensive time, almost one year, in which to investigate plaintiff's claim before it executed a settlement agreement.

Since the record did not disclose and the Full Commission did not find that the agreement was procured by fraud, misrepresentation, mutual mistake, or undue influence, as required by N.C. Gen. Stat. § 97-17, the Commission was without power to set aside the order approving the settlement agreement. The fact that defense counsel had attempted to revoke its consent to the agreement after it was submitted to the Commission is immaterial.

The decision of the Full Commission is hereby reversed and the matter is remanded to the Full Commission for reinstatement

GLENN v. McDONALD'S

[109 N.C. App. 45 (1993)]

of the Compromise Settlement Agreement entered into by the parties and approved by the Commission.[1]

Reversed and remanded.

Judge COZORT concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent from the majority's decision to reverse and remand and I would vote to affirm the award of the Industrial Commission. In its opinion, the majority states that the authority of the Commission is invoked at the time a voluntary settlement is submitted for approval. I agree. However, the majority's opinion fails to address the issue of whether the Commission loses its authority to act if one of the parties withdraws its consent before the settlement agreement is approved. The answer to this question is essential to the resolution of this case because defendants strenuously argue that they withdrew their consent before the agreement was filed on 9 January 1990, leaving nothing to be approved.

It has been said by this Court that an agreement is binding on the parties when approved by the Industrial Commission. *Buchanan v. Mitchell County*, 38 N.C. App. 596, 248 S.E.2d 399 (1978), *disc. rev. denied*, 296 N.C. 583, 254 S.E.2d 35 (1979). Conversely, it has also been said that an agreement not approved by the Industrial Commission is not binding on the parties. *See Baldwin v. Piedmont Woodyards, Inc.*, 58 N.C. App. 602, 293 S.E.2d 814 (1982). It logically flows from these statements that until an agreement is approved by the Industrial Commission, either party is free to withdraw its consent. That is what one party believed it had done in this case.

The record indicates that defendants' counsel placed a phone call on 14 December 1989 and wrote a letter on 18 December 1989 to B. H. Whitehouse, Jr., Executive Secretary of the North

---

1. Defendant should also be required to pay interest on all sums which should have been paid since the parties entered into the settlement agreement. N.C. Gen. Stat. § 97-86.2.

Carolina Industrial Commission requesting that the settlement agreement not be approved and that the Form 21 Agreement be returned. For some reason unexplained, however, neither the telephone message nor the letter was matched with the Commission file which contained the settlement agreement. The phone call which defendants' counsel placed to Mr. Whitehouse was received by Mr. Whitehouse's secretary. I am of the opinion that Mr. Whitehouse's secretary was an agent of the Industrial Commission and that by communicating his clients' desire to withdraw their consent to the settlement agreement to Mr. Whitehouse's secretary, defendants' counsel acted sufficiently to put the Industrial Commission on notice that one of the parties no longer consented to the agreement. Having withdrawn their consent, and communicating such to the Industrial Commission, there was thus no settlement for the Commission to approve on 9 January 1990. *See Morgan v. Town of Norwood*, 211 N.C. 600, 191 S.E. 345 (1937) (establishing necessity of consent).

The majority's opinion has the effect of penalizing defendants for the faulty record keeping and the lapse in clerical assistance of the Industrial Commission. Defendants discovered new evidence indicating that Glenn's injury was not compensable and then made reasonable efforts to communicate with the Industrial Commission. It would be neither reasonable nor practical to require counsel to have gone to any further lengths. To so hold would mean that parties dealing with the Industrial Commission can never assume communications have been received unless they get a "filed" copy or speak directly with one of the Commissioners and record the conversation, with, of course, their knowledge.

For the foregoing reasons I respectfully dissent.