Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer was duly self-insured and Key Risk Management Services was the servicing agent.
4. This is a compensable injury which occurred on 10 May 1990, when plaintiff injured his lower back.
5. Plaintiff's average weekly wage was $320.00 yielding a compensation rate of $213.34.
6. Plaintiff last worked for defendant-employer on 26 August 1993.
7. Plaintiff's medical records were stipulated into evidence as Exhibits 1, 2 and 2A.
8. Plaintiff's Answers to Defendant's First Set of Interrogatories were stipulated into evidence as Stipulated Exhibit 3.
***********
 EVIDENTIARY RULINGS
The rulings of the Deputy Commissioner regarding objections raised in the depositions of Dean Assimos, M.D., Masoud Hejazi, M.D., John C. LaLonde, M.D., James M. Love, M.D., William D. McKeown, M.D., James E. Nitka, M.D., Robert L. Rollins, Jr., M.D., Mark W. Roy, M.D., Adrai Spencer, DDS, Sigmund I. Tannenbaum, M.D. and Nil A. Moore, Ed.D., are sustained.
***********
 MOTIONS
Defendant's Motion to Set Aside the Form 26 Agreement approved by the Industrial Commission on 28 February 1997 is hereby denied.
***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 25 August 1995, Deputy Commissioner Scott Taylor entered an Opinion and Award finding plaintiff had suffered a compensable injury to his back. Deputy Commissioner Taylor denied plaintiff's claim for a ten percent penalty, denied plaintiff's request that defendant-employer pay for a drafting table and equipment, denied plaintiff's request for an Order requiring defendant to change administrators and allowed plaintiff's request to change his treating physician to James Califf.
2. On 18 May 1996, the Full Commission affirmed Deputy Commissioner Taylor's Opinion and Award. On 12 November 1997, plaintiff filed a Form 33 request for hearing seeking medical coverage for the following: depression, bowel and bladder dysfunction, male impotence, and chronic back pain.
3. Plaintiff has abandoned that portion of his appeal from the Opinion and Award of the Deputy Commissioner alleging error in the denial of his claim for dental caries.
4. Plaintiff asserts that he suffers from male impotence or erectile dysfunction. However, plaintiff's complaints have been inconsistent and sporadic. Plaintiff has a history of genitourinary complaints. Two urologists, two orthopaedic surgeons, a neurologist and a neurosurgeon have been unable to give an opinion to a reasonable degree of medical certainty that plaintiff's impotence or erectile dysfunction are causally related to his compensable injury.
5. Plaintiff also contends that his depression and resulting counseling or psychotherapy are related to his compensable injury. Plaintiff has a life-long history of emotional and psychological problems relating to his childhood obesity, his parents' alcoholism, his recognition of his sexuality and his parents' inability to deal with that recognition, his father's untimely death the day after plaintiff and his father had a heated argument relating to his sexuality, his attention deficit disorder, and other emotional problems.
6. There is conflicting evidence as to the cause of plaintiff's current depression. However, there is insufficient evidence of record from which to determine by its greater weight that plaintiff's depression is causally related to his compensable injury.
7. Plaintiff's bowel and bladder problems are related to his compensable injury. On 2 July 1996, the parties submitted a Form 26 Supplemental Agreement as to Payment of Compensation Pursuant to N.C. Gen. Stat. § 97-82 in which defendants agreed to increase plaintiff's permanent partial disability rating from 27.5% to 32.5%. In a letter dated 24 June 1996, Dr. Mark W. Roy stated that the increase to plaintiff's disability rating was the result of "increased bowel and bladder dysfunction". The Form 26 was approved by the Commission on 28 February 1997.
8. Defendants' allegations of mutual mistake regarding the Form 26 Agreement are not supported by the evidence, nor is there sufficient evidence of fraud, misrepresentation, or undue influence on the part of either party in entering into the Agreement.
9. Plaintiff is entitled to medical treatment that directly relates to his back injury and related bowel and bladder dysfunction so long as this treatment would effectuate a cure, give relief or lessen plaintiff's period of disability. This treatment would not include anti-depressant medications and psychotherapy relating to plaintiff's depression.
10. Defendants have not defended this action without reasonable ground.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff's complaints relating to male impotence and depression are not causally related to plaintiff's compensable back injury of 10 May 1990, and thus he is not eligible for compensation based upon these complaints. N.C. Gen. Stat. §97-25.
2. The Form 26 Agreement approved by the Commission on 28 February 1997 constitutes an award of the Commission on the issue of compensability. N.C. Gen. Stat. § 97-82(b). As such, the Form 26 is binding on the parties and may not be set aside absent a showing of fraud, misrepresentation, mutual mistake, or undue influence. Glenn v. McDonald's, 109 N.C. App. 45,425 S.E.2d 727 (1993). Defendants have failed to present evidence of fraud, misrepresentation, mutual mistake, or undue influence; therefore, the Agreement is binding and enforceable. Id.
3. Plaintiff is entitled to receive treatment for his compensable back injury and the related bowel and bladder dysfunction. However, this does not include psychological or psychiatric treatment for depression. N.C. Gen. Stat. § 97-25.
4. Plaintiff is not entitled to attorney's fees. Defendants have not defended this action without just cause. N.C. Gen. Stat. § 97-88.1; Sparks v. Mountain Breeze Restaurant, 55 N.C. App. 663,286 S.E.2d 575 (1982).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is entitled to receive treatment for his compensable back injury and related bowel and bladder dysfunction so long as that treatment should effectuate a cure, give relief or lessen his period of disability.
2. Plaintiff's claim for medical treatment relating to his male impotence and depression are DENIED.
3. Defendants shall pay the costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
BSB:jbd