***********
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Houser.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 22, 1998, plaintiff filed a workers' compensation claim alleging asbestosis. While the case was pending, and prior to the mediation, plaintiff was diagnosed with colon/rectal cancer. In November 2001, prior to the mediation and the approval of the Compromise Settlement Agreement, plaintiff underwent a procedure during which the colon/rectal cancer was removed.
2. On January 29, 2002, the parties conducted a mediation at which an agreement was reached settling all matters regarding plaintiff's workers' compensation claim. Plaintiff's colon/rectal cancer was discussed to some degree at the mediation. At the time of the mediation, an inquiry had been made to Dr. Arthur Frank in Texas regarding whether there was a causal link between plaintiff's colon/rectal cancer and his alleged workplace exposure to asbestos.
3. Subsequent to the mediation, an Agreement for Final Compromise Settlement and Release was prepared and sent to the parties for their review. The Compromise Settlement Agreement contained the following language:
 The release provisions contained in the preceding paragraph No. 4 shall apply to release the defendants from any current asbestos or potential occupational asbestos diseases, but shall not release or serve as a bar to any development of cancer related to asbestos exposure which may occur in the future. This does, however, serve as a release to any cancer which may have arisen prior to the execution of this agreement (emphasis added).
4. On March 5, 2002, a letter was sent by Dr. Frank to counsel for plaintiff's firm in which he expresses a positive opinion regarding a causal connection between plaintiff's colon/rectal cancer and the alleged asbestos exposure.
5. On April 15, 2002, counsel for plaintiff forwarded the Compromise Settlement Agreement signed by plaintiff to counsel for defendants. The exact date on which plaintiff singed the Compromise Settlement Agreement cannot be determined based upon the record. On June 5, 2002, the Industrial Commission approved the Compromise Settlement Agreement, which was duly paid by the carriers.
6. On September 30, 2002, plaintiff filed an Industrial Commission Form 18B in which he alleged that he contracted colon/rectal cancer as the result of exposure to asbestos while working for defendant-employer. The "Date of Diagnosis" listed on the Form 18B is March 5, 2002.
7. Following the filing of plaintiff's Form 18B, defendants filed a Motion to Dismiss plaintiff's claim with prejudice. Plaintiff responded in opposition to said Motion, and in the alternative, moved to have the Compromise Settlement Agreement Rescinded.
8. Given the language of the Compromise Settlement Agreement regarding the release for "any cancer which may have arisen prior to the execution
of this agreement," the meanings in that document of the words `execution' and `arisen' are crucial. Plaintiff contends that pursuant to the court's holding in Lemly v. Colvard Oil Co., ___ N.C. App. ___,577 S.E.2d 712 (2003), the agreement was executed and binding on January 29, 2002, the date that the Memorandum of Agreement was signed by the parties at the mediation. Regarding the meaning of `arisen' in the Agreement, plaintiff contends that it equates to the date upon which a claim for an occupational disease `arises' under N.C. Gen. Stat. §97-58(b), that being the date upon which plaintiff was notified by a competent medical professional of the nature and potential work-related quality of his disease. There is no dispute that the date upon which plaintiff was notified by a competent medical professional of the nature and potential work-related quality of his disease was March 5, 2002. However, plaintiff contends that this is also the date on which his cancer `arose,' whereas defendants contend that the cancer `arose' in 2001 or before.
9. In Lemly, the court found that the Memorandum of Settlement at issue complied with the requirements of Workers' Compensation Rule 502, and specifically referenced language from that document in its Opinion. In the present case, the Memorandum of Agreement entered into by the parties at the mediation is not part of the record. Accordingly, the Full Commission finds that this case is distinguishable from the court's holding inLemly.
10. However, even assuming that the Settlement Agreement was found to have been `executed' on 29 January 2002, the Full Commission cannot accept plaintiff's contention regarding the meaning of `arisen.' While interpreting N.C. Gen. Stat. § 97-58(b), the courts have focused on the viability of a claim for an occupational disease from a legal standpoint, as opposed to when an occupational disease actually develops or arises from a medical standpoint. Nowhere in the paragraph of the Agreement in question is a claim referred to, and the only logical interpretation of the paragraph is that it refers to cancers that have developed or arisen from a medical standpoint prior to the execution of the Agreement.
11. Based upon the evidence of record, the Full Commission finds that plaintiff's cancer arose prior to the execution of the Agreement, regardless of when that date is interpreted to be. Therefore, pursuant to the Compromise Settlement Agreement, plaintiff is barred from now filing a claim for colon/rectal cancer.
12. Regarding the possible rescission of the Compromise Settlement Agreement, the Full Commission finds that under the applicable standard of review of N.C. Gen. Stat. § 97-17 there was no mutual mistake of fact at the time of the Agreement's execution.
13. Regarding the propriety of the Commission's approval of the Compromise Settlement, the law requires the Commission to conduct a "full investigation" to determine whether an agreement is fair and just. Plaintiff has presented no competent evidence that such an investigation was not made in this case.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff is barred from now fling a claim for colon/rectal cancer, regardless of the date of the Agreement's execution, because plaintiff's cancer is found to have arisen prior to that date. See Lemly v. ColvardOil Co., ___ N.C. App. ___, 577 S.E.2d 712 (2003)
2. The Compromise Settlement Agreement cannot be rescinded or set aside pursuant to the provisions of N.C. Gen. Stat. § 97-17, because under the applicable standard of review there was no mutual mistake of fact at the time of the Agreement's execution. See Mullinax v. FieldcrestCannon, Incorporated, 100 N.C. App. 248, 395 S.E.2d 160 (1990) (holding that even though defendant had settled the claim on the mistaken belief that plaintiff had compensable asbestosis, the settlement agreement could not be set aside under N.C. Gen. Stat. § 97-17).
3. The Industrial Commission made a proper and full investigation in determining whether the Agreement was fair and just; thus, the Full Commission declines to set aside the Agreement pursuant to Vernon v.Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191, (1994).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for colon/rectal cancer is hereby dismissed with prejudice.
2. Each side shall pay its own costs.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER