***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The carrier on the risk at the time of the deceased employee's injury was Zurich North American.
3. An employer-employee relationship existed between the deceased employee and defendant-employer at the time of the deceased employee's injury.
4. Deceased employee sustained a compensable injury on April 12, 1982.
5. Deceased employee died on or about February 16, 1997.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The deceased employee sustained a compensable injury to his back on April 12, 1982. He received extensive medical treatment including five surgeries to his back. The deceased employee died on February 16, 1997. At the time of the deceased employee's death, his only dependent was Linda Carol Holley (hereinafter "plaintiff").
2. Kenneth King of Jacksonville, North Carolina originally represented plaintiff. Francis Prior of Wilmington, North Carolina originally represented defendants. After a request for a hearing, John Aldridge of Southport, North Carolina mediated the death claim.
3. As a result of mediation, plaintiff and defendants entered into a settlement agreement dated December 30, 1999, in which the parties agreed to settle plaintiff's claim for death benefits and burial expenses. Plaintiff received the agreement for her signature in July 1999 and signed the agreement approximately four months later in November 1999. Before the Industrial Commission approved the agreement, plaintiff contacted Deputy Commissioner Morgan Chapman and stated that she did not want the agreement approved. Subsequently, plaintiff independently contacted Deputy Commissioner Chapman a second time and expressed her desire to proceed with the agreement. Accordingly, Deputy Commissioner Chapman reviewed and approved the agreement on February 14, 2000. Plaintiff did not appeal Deputy Commissioner Chapman's approval.
4. Over two years later, on March 9, 2002, plaintiff submitted an Industrial Commission Form 33 to request a hearing seeking additional death benefits. On July 26, 2002, Deputy Commissioner Philip A. Baddour, III issued an order dismissing plaintiff's claim with prejudice. Plaintiff did not file an appeal from the dismissal issued by Deputy Commissioner Baddour.
5. On December 29, 2003, plaintiff filed another Industrial Commission Form 33 to request a hearing seeking essentially the same relief she sought from her initial Form 33 hearing request. On January 21, 2004, Deputy Commissioner Bradley W. Houser issued an order dismissing plaintiff's claim and removing it from the active hearing docket.
6. On February 2, 2004, plaintiff filed a notice of appeal to the Full Commission. The Full Commission found that it was improper for Deputy Commissioner Baddour to dismiss plaintiff's appeal without giving her the full opportunity to present evidence upon which a determination could be made. The Full Commission then remanded this matter for a full evidentiary hearing before a Deputy Commissioner.
7. At the hearing before the Deputy Commission, Mr. King testified that he had informed plaintiff of all relevant issues in the case prior to her reaching a settlement and signing the settlement agreement proposed by Defendants. Further, Mr. King discussed with plaintiff the fact that she was under stress and that it may be in her best interest for the parties to forego opening statements at the mediation. Thus, plaintiff never entered the mediation conference room and stayed in Mr. King's office during the course of the mediation process. Nevertheless, as Mr. King testified, he kept plaintiff informed of the progress of the mediation.
8. The weight of the evidence supports and the Full Commission finds that plaintiff was fully informed of her options by her previous attorney, Mr. King, and knowingly entered into the settlement agreement. Plaintiff read the settlement agreement before signing it and understood that by entering into the agreement she was releasing all of her rights under the North Carolina Workers' Compensation Act.
9. The Full Commission finds that plaintiff's decision to enter into a settlement agreement was independently made after being fully apprised by Mr. King of all pertinent issues in the case.
10. Plaintiff alleged that her husband's autopsy report was not submitted to the Commission with her settlement agreement. In her testimony at the hearing before the Deputy Commissioner, plaintiff admitted, however, that the autopsy report was in the Commission's file when she reviewed it.
11. Plaintiff also alleged that the deceased employee's rating record was necessary in her claim or in the approval of the Compromise Settlement Agreement. The Full Commission finds that although there is no evidence that such a rating exists, if it were to exist, it would have no relevance to plaintiff's claim for death benefits.
12. Based upon the greater weight of the credible, competent evidence of record, the Full Commission finds that plaintiff has not proven the existence of fraud, misrepresentation, mutual mistake or undue influence in entering into a compromise settlement agreement on December 30, 1999.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for a party to set aside a Compromise Settlement Agreement, the party has the burden of proving, to the satisfaction of the Commission, that there has been error due to fraud, misrepresentation, undue influence, or mutual mistake. Plaintiff has not proven that the agreement was obtained through fraud, misrepresentation, mutual mistake, or undue influence, and thus the Industrial Commission is without authority to set it aside. N.C. Gen. Stat. § 97-17; see alsoGlenn v. McDonald's, 109 N.C. App. 45, 425 S.E.2d 727 (1993).
2. Section (3) of Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission requires that ". . . [a]ll medical, vocational, and rehabilitation reports known to exist including but not limited to those pertinent to the employee's future earning capacity, must be submitted with the agreement to the Industrial Commission by the employer, the carrier/administrator, or the attorney for the employer." There is no evidence that the Industrial Commission was missing documents statutorily required for the approval of the Compromise Settlement Agreement and thus the Industrial Commission lacks authority to set it aside. N.C. Gen. Stat. § 97-92 (2003), Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission (2003).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's motion to set aside the Compromise Settlement Agreement dated December 30, 1999, in this matter must be and is hereby DENIED.
2. Each side shall pay its own costs.
 ORDER
In not already paid, defendants are hereby ordered to pay to plaintiff the sum of $2,000.00 for burial expenses as provided in the Compromise Settlement Agreement dated December 30, 1999. As this was an agreed upon amount in the Compromise Settlement Agreement, plaintiff is not required to submit a receipt or bill to defendants.
This the ____ day of ______ 200_.
 S/_________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_________________ BUCK LATTIMORE CHAIRMAN
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER