The undersigned respectfully dissents from the Opinion and Award of the majority affirming the deputy commissioner's finding that the Mediated Settlement Agreement signed by the parties in this case on June 11, 2001 was not fair and just and should not be approved.
The Mediated Settlement Agreement was a valid contract between the parties. There was a meeting of the minds in regard to all essential elements, which establishes a valid contract. The Agreement complies with N.C. Gen. Stat. § 97-17, as it stood at the time of agreement.
There has been no evidence of fraud in this case. The majority bases their Opinion on the fact that plaintiff was misled regarding the existence of other occupational disease claims against the employer. Vickie Taylor, defendant-employer's company nurse, attended the mediation and was asked whether she was aware of other employees with symptoms similar to those complained of by plaintiff. Ms. Taylor indicated that she did not know of other similar claims by other employees of defendant-employer.
No evidence has been presented which would indicate that defendants attempted to conceal the existence of another claim. Defendants did not make a representation to that effect with the intent that plaintiff would act on it. There has been no reasonable reliance on the representation that no other claims existed. It seems that everyone keeps overlooking the fact that Ms. Taylor did not lie — she personally was unaware of any other claims at the time of the mediation. Ms. Taylor simply responded, during mediation, to the best of her knowledge. This was not an intentional act, was not intended to fool plaintiff into signing the Agreement, and there is absolutely no evidence of an intent to deceive. Accordingly, the elements of fraud have not been proven.
I further disagree with the majority's decision to consider medical records which were promulgated after the Mediated Settlement Conference. This is in direct contradiction to the decision of the Court of Appeals in Glenn v. McDonald's, 109 N.C. App. 45, 49, 425 S.E.2d 727, 730
(1993), wherein the Court found that the Full Commission could not set aside an agreement because of newly discovered evidence.
When examining the contract between the parties in this matter, it is essential to take into consideration the information that the parties had available to them at the time of the mediation. It is at that point which we must determine whether or not the settlement was fair and just. The decision to settle a case rather than proceed to hearing has inherent risks; however, it also has the benefit of a sum certain. While the plaintiff takes the chance that she could ultimately recover more in a hearing than in settlement, she also avoids the risk that she may recover nothing at hearing. At the time that the parties entered into the Mediated Settlement Agreement, plaintiff (who was represented by counsel) made the decision to take the sum certain. To allow her to back out of the Agreement because of information learned in the time since the Agreement is not fair and just to the parties.
Accordingly, I dissent.
This the __ day of ____, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN