First it is noted that plaintiff has filed a Motion to Compel Discovery as well as to Compel Answers to Interrogatories, which plaintiff claims the Deputy Commissioner erred in not granting. Plaintiff claims that he is seeking evidence as to what the true average weekly wage was. The content of the interrogatories bears this assertion out. However, as there is an approved Form 21 in this case, the issue of plaintiff's "true" average weekly wage is irrelevant unless or until the Form 21 is properly set aside. There was no assertion in plaintiff's motion that the intent of such discovery was to attempt to gain any relevant information to support a claim of fraud, undue influence, misrepresentation, or mutual mistake.
In any event, defendants, by correspondence to plaintiff's counsel in Page 66 of the transcript exhibit records, noted that attempts to locate the records had been made but to no avail. Further, correspondence from defense counsel to the Deputy Commissioner, dated December 27, 1994, ultimately asserted that the records in question had been destroyed following a buyout of defendant-employer and thus were no longer available. It appears to the undersigned that defendants made all reasonable efforts to comply with plaintiff's request and simply could not due to the unavailability of the records of information in question.
Accordingly, in light of all of the above, said motion to compel is HEREBY DENIED.
Finally, plaintiff has claimed that the Deputy Commissioner erred in sustaining defendants' objection to the plaintiff's testimony as to what defendant-employer considered a "wage." The undersigned find that the Deputy Commissioner properly sustained this hearsay objection.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing parties have shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, in a Form 21 Agreement approved by the Industrial Commission on April 11, 1989, and in a Pre-Trial Agreement dated January 17, 1995, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Consolidated American Insurance Company was the compensation carrier on the risk.
4. On October 9, 1987, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff was paid temporary total disability compensation by defendant-employer at the rate shown on the Form 21 Agreement approved by the Commission on April 11, 1989, in the amount of $335.80, which yields a compensation rate of $223.87. Compensation was paid from March 17, through March 20, 1988; November 5, 1988, through November 27, 1988; and December 31, 1988 through the present.
6. Plaintiff's medical records were stipulated into evidence as Exhibit 1.
7. The letter from defense counsel to plaintiff's counsel dated October 17, 1994, was stipulated into evidence as Exhibit 2.
8. I.C. Form 22.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing in this matter, plaintiff was 53 years old. He has a ninth grade education and can read and write to a limited extent. He served two months and three days in the army infantry. Plaintiff's prior work experience includes a variety of jobs, including carpentry, woodworking, tree trimming, bakery and construction work.
2. Plaintiff was employed as a job superintendent by defendant-employer, which is in the fast food restaurant business. Plaintiff worked for defendant-employer for almost 2 years, supervising new construction in South Carolina, Alabama, Tennessee, Virginia and North Carolina.
3. On October 9, 1987, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer when he was unloading his truck. He was able to continue working until January 1, 1988, at which time he was hospitalized for 28 days in a pain therapy program. Plaintiff has not returned to work for defendant-employer since that time.
4. Plaintiff began receiving temporary total disability compensation on January 1, 1988, and thereafter, the parties entered into an Industrial Form 21 Agreement, which was signed by the plaintiff on February 7, 1989. The agreement was approved by the Commission on April 11, 1989, and plaintiff has continued to receive compensation to date. The Form 21 Agreement shows an average weekly wage of $335.80, yielding a compensation rate of $223.87.
5. When plaintiff worked out of town for defendant-employer, he was reimbursed for lodging and meals in the amount of $36.00 per day. This amount represented reimbursement of travel expenses and was not in lieu of any other wages. Plaintiff did not report the travel reimbursement as income on his federal and state income tax returns.
6. There is insufficient convincing evidence of record from which to prove by its greater weight that there has been any error due to fraud, misrepresentation, undue influence or mutual mistake in the execution of the Form 21 Agreement.
7. Plaintiff's average weekly wage was $335.80, as agreed upon by the parties in the Form 21 Agreement.
8. On March 7, 1989, plaintiff underwent fusion surgery from L4 to S1, which involved the use of a bone graft. During the course of surgery, plaintiff sustained an injury to his right shoulder and has right long thoracic nerve palsy. He continues to have chronic incapacitating low back pain.
9. A functional capacity evaluation that was done on January 12, 1991, at Asheville Rehabilitation Center revealed that, due to plaintiff's continued back pain and right scapular instability, he was unable to sustain standing or sitting positions for greater than 20 minutes at a time. Plaintiff's physical demands level was too low to classify.
10. As of April 28, 1993, and as the result of plaintiff's stipulated injury by accident and the resulting chronic pain, his permanent physical impairment, the need for continued medication for control of his pain, his limited education, and limited work experience at anything other than manual laborer, plaintiff is and remains totally incapable of earning wages in his employment with defendant-employer or in any other employment.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, with minor technical modifications, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Where an employee has received benefits from an agreement for compensation executed by himself, his employer, and the insurance carrier, which agreement was duly approved by the Industrial Commission, such agreement may be set aside only for fraud, misrepresentation, undue influence, or mutual mistake. N.C. Gen. Stat. § 97-17; Tabron v. Farms, Inc., 269 N.C. 393,152 S.E.2d 533 (1967).
2. There is no error due to fraud, misrepresentation, undue influence, or mutual mistake in the Form 21 Agreement approved by the Commission on April 11, 1989. Plaintiff is therefore not entitled to have the agreement as to average weekly wage set aside and is entitled to no additional temporary total disability compensation. Id.
3. As the result of the compensable injury by accident on October 9, 1987, and his resulting chronic pain, his current physical limitations, his age, the need for continued medication for control of pain, education level, his limited work experience other than manual labor, plaintiff remains totally disabled and is entitled to receive compensation at the rate of $223.87 per week beginning April 28, 1993, indefinitely or until defendant-employer obtains permission from the Industrial Commission to cease payment of total disability compensation. N.C. Gen. Stat. § 97-29. Defendant-employer is entitled to a credit for the temporary total disability compensation paid plaintiff to date.
4. Plaintiff is entitled to have all medical compensation provided by defendant-employer as a result of the compensable injury on October 9, 1987 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25 (before amendment).
* * * * * * * * * * *
The foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendant-employer shall pay plaintiff total disability compensation at the rate of $223.87 per week beginning April 28, 1993, indefinitely or until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation. Defendant-employer is entitled to a credit for the temporary total disability compensation already paid plaintiff to date.
2. Defendant-employer shall provide all medical compensation for expenses incurred, or to be incurred, by plaintiff as the result of his compensable injury on October 9, 1987, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel. Every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
IT IS FURTHER ORDERED:
1. Under the law, plaintiff's claim for additional temporary total disability compensation based upon setting aside the Form 21 Agreement as to average weekly wage must be, and the same is hereby, DENIED.
2. Defendant-employer shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of __________________, 1996.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ GEORGE GLENN DEPUTY COMMISSIONER
JHB/nwm 10/22/96